[Cite as *State v. Wallace*, 2020-Ohio-5109.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-474 |
| | : | |
| DYLAN WALLACE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of October, 2020.

. . . . . . . . . . .

JOHN M. LINTZ, Atty. Reg. No. 0097715, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, Appellate Division, 50 East Columbia Street, Suite 448, Springfield, Ohio 45502
  Attorney for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. No. 0067020 and CATHERINE BREAULT, Atty. Reg. No. 0098433, 130 West Second Street, Suite 2150, Dayton, Ohio 45402
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Dylan Wallace appeals from his conviction for felonious assault. Specifically, he challenges his sentence on appeal.   Finding no error, we affirm.

## I. Factual and Procedural Background

**{¶ 2}** During the afternoon of July 20, 2019, Dylan stopped by his mother's house in Fairborn, unaware that his brother Daniel Wallace was there. Dylan and Daniel[1] were not on good terms, having gotten into a squabble the night before that had turned physical. Dylan left the house, and Daniel followed. Daniel passed Dylan on the road, got in front of Dylan's vehicle, and hit his brakes. Dylan struck Daniel's rear bumper. He then grabbed his handgun and fired three "warning shots" in the direction of Daniel's vehicle, ostensibly in an attempt to scare him. At least one shot struck the back window of Daniel's car, and another shot hit the window frame of a nearby house. Fortunately, no one was injured. Both men were arrested and taken to the Clark County jail.

**{¶ 3}** Dylan was charged with second-degree felonious assault under R.C. 2903.11(A)(2), with a firearm specification, as well as improper handling of a firearm in a motor vehicle, discharge of a firearm on or near prohibited premises, and domestic violence. He pleaded guilty to felonious assault, and the specification and other charges were dismissed. The trial court determined that the offense was a qualifying offense under the recently enacted Reagan Tokes Law, making Dylan subject to an indefinite sentence. Dylan challenged the constitutionality of the Law, but the trial court rejected his argument.

**{¶ 4}** Before sentencing, Daniel, Dylan's mother, and other family and friends wrote letters asking the court for leniency in sentencing. But despite the letters, the trial

---

[1] We will refer to each brother by his first name to avoid confusion.

court sentenced Dylan to a minimum of 7 years and a maximum of 10 1/2 years in prison.

{¶ 5} Dylan appeals.

## II. Analysis

{¶ 6} Dylan challenges his sentence in two assignments of error. R.C. 2953.08(G)(2) establishes the standard of review for a felony sentence. Under the plain statutory language, "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*,146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "This is a very deferential standard of review, as the question is not whether the trial court had clear and convincing evidence to support its findings, but rather, whether we clearly and convincingly find that the record fails to support the trial court's findings." *State v. Cochran*, 2d Dist. Clark No. 2016-CA-33, 2017-Ohio-217, ¶ 7, citing *State v. Rodeffer*, 2013-Ohio-5739, 5 N.E.3d 1069, ¶ 31 (2d Dist.).

## A. The prison term

{¶ 7} The first assignment of error alleges:

THE JUDGMENT OF THE TRIAL COURT SHOULD BE REVERSED BECAUSE THE RECORD DOES NOT CLEARLY AND CONVINCINGLY SUPPORT THE APPELLANT'S SENTENCE.

{¶ 8} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give reasons for imposing maximum or more than minimum sentences." (Citation omitted.) *State v. Nelson,* 2d Dist. Montgomery No. 25026, 2012-Ohio-5797, ¶ 62. But "in

exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12." (Citations omitted.) *State v. Castle*, 2016-Ohio-4974, 67 N.E.3d 1283, ¶ 26 (2d Dist.).

{¶ 9} The trial court here stated in the judgment entry that it considered the principles and purposes of sentencing, under R.C. 2929.11, and the seriousness and recidivism factors, under R.C. 2929.12. We note that "it is within the discretion of the individual judge 'to determine the weight to assign a particular statutory factor.' " *State v. Saylor*, 2d Dist. Champaign No. 2018-CA-14, 2019-Ohio-1025, ¶ 44, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Although seven years in prison may seem harsh considering that Dylan had only a prior misdemeanor conviction, this was a serious incident, as the State argued at sentencing. While the gunshots were described as warning shots, when Wallace pulled the trigger, he was evidently pointing the gun at his brother's car with his brother sitting inside. That doesn't really seem like a warning shot. A bullet hit the back window of Daniel's car and was found on the dashboard. Another bullet hit the window frame of a nearby house. It is unclear where the third bullet went. Although no one was physically harmed, Daniel or someone in the house or someone just passing by could have been struck by a bullet and been seriously injured or even killed. We further note that other charges and a firearm specification were dismissed. Had Dylan been sentenced on felonious assault with a firearm specification, his presumptive minimum sentence would have been 5 years in prison (three years for the specification consecutive to a presumptive minimum two years for the felonious assault). On the facts before us, we cannot say that the record clearly and convincingly fails to support the trial court's sentencing decision.

{¶ 10} The first assignment of error is overruled.

**B. The constitutionality of the Reagan Tokes Law**

{¶ 11} The second assignment of error alleges:

SENATE BILL 201 (THE REAGAN TOKES ACT) IS UNCONSTITUTIONAL, AND THEREFORE MR. WALLACE SHOULD BE RESENTENCED UNDER THE PRIOR SENTENCING SCHEME.

{¶ 12} Dylan argues that the Reagan Tokes Law, under which his indefinite sentence was imposed, is unconstitutional, as it violates the separation-of-powers doctrine and violates an offender's right to due process.

{¶ 13} We recently considered the Law's constitutionality in *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153. We concluded that it does not violate either the separation-of-powers doctrine or due process. We also found no constitutional problem with the Law in *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150, and in *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592.

{¶ 14} Dylan filed his appellate brief in this case before we issued these decisions. In his brief, he made essentially the same arguments made by the appellant in *Ferguson*—arguments that we rejected. We continue to adhere to our conclusion that the Reagan Tokes Law does not violate the separation-of-powers doctrine or a defendant's right to procedural due process.

{¶ 15} The second assignment of error is overruled.

**III. Conclusion**

{¶ 16} We have overruled both of Dylan's assignments of error. The trial court's judgment is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

John M. Lintz
Jon Paul Rion
Catherine Breault
Hon. Douglas M. Rastatter