[Cite as *State v. Baker*, 2021-Ohio-140.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28782 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-3008 |
| | : | |
| CHRISTOPHER W. BAKER | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 22nd day of January, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellant

MICHAEL R. PENTECOST, Atty. Reg. No. 0036803, Law Office of the Public Defender, 117 South Main Street, Suite 400, Dayton, Ohio 45422
      Attorney for Defendant-Appellee

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} The State of Ohio appeals from a judgment of the Montgomery County Court of Common Pleas, which convicted Christopher Baker of one count of attempted rape (by force) in violation of R.C. 2907.02(A)(2)/2923.02, following his guilty plea. The offense was a felony of the second degree. The trial court declared the Reagan Tokes Act unconstitutional and imposed a definite sentence of two years, instead of imposing an indeterminate sentence as required by the Act. We hereby reverse the judgment of the trial court and remand the matter solely for resentencing pursuant to the Reagan Tokes Act.

{¶ 2} The transcript of Baker's sentencing hearing reflects the following exchange regarding Baker's sentence:

THE COURT: * * *

Now, I wanted to say a couple more things, and then I'm going to ask you a couple of questions, Mr. Baker. At the time of your plea, the Court advised you as follows: you were aware that you were entering a plea of guilty in the new case. And that was on the charge of * * * attempted rape, a felony of the second degree. You did that with the understanding that the Court would impose the agreed minimum two-year sentence for that charge. And that was also taking into consideration you had revocations in matters 17CR3541 and 19CR247, that there would be a global two-year sentence.

* * *

Now, the fact of the matter is - - and this is something that we discussed at the time of your plea - - that this sentence under this new case

is governed by what is known as the Reagan Tokes Act. And that has imposed in the wisdom of the Ohio legislature indeterminate sentencing once again. And which means, on a two-year minimum sentence, two years would be imposed by the Court, that's the minimum part. Then under the Reagan Tokes Law, the indeterminate part would be half of that, which would mean your indeterminate sentence would be two to three years.[1]

        * * *

        * * * That that's imposed by the Court and under Reagan Tokes whether you would have to do up to an additional year wouldn't be up to me; that would be up to the prison authorities. And that would be based on your behavior in prison. I explained that to you at the time of your plea, did I not?

        THE DEFENDANT: Yes, sir.

        THE COURT: * * * Now then, what the Court is telling you now, as I mentioned to you and the lawyers at the time of your plea. This morning I am holding that the Reagan Tokes sentencing scheme is unconstitutional.

---

[1] R.C. 2929.14(A)(2)(a) provides: "For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division." R.C. 2929.144(B)(1) provides: "If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term."

And it's unconstitutional in my opinion based on the separation of powers and we've got two decisions in Ohio now - - at least two that I'm aware of. State v. [Oneal], * * * out of Hamilton County Common Pleas, case number B as in boy, 1903562. We also have a decision, State v. Tupper, * * * Common Pleas number CR196455223 and that is out of Cuyahoga County.

The Court received a brief provided to me by my friend and lawyer Keith Yeazel of Columbus, Ohio. His father's picture hangs in the courtroom, and was somebody that I admired greatly. Mr. Yeazel gave me a brief that he filed in Columbus, Ohio in connection with the case State v. Castellanos, * * * case number 19CR2684 before Judge Russo of the Franklin County Common Pleas Court. I've found the reasoning that Mr. Yeazel set forth in that brief to be persuasive, and of course, it relied heavily on the two cases that I just cited.

So I'm finding the Reagan Tokes sentencing scheme unconstitutional this morning.

* * *

And so I've done what I've done. I've done it to tee this issue up for the Second Appellate District. * * * I think we've got some pretty good minds up on the fifth floor. We'll let them sort this out.

But I'm telling you, Mr. Baker it's important for you to understand, notwithstanding what I'm doing, which is imposing just the agreed mandatory two years, Second District Court of Appeals, or the Ohio Supreme Court, or for that matter The United States Supreme Court may

ultimately say, hey, [Judge], you were in over your waders and you were wrong and Reagan Tokes is entirely constitutional. And they could at that time send the case back to me for resentencing, right? I'm telling you, if that happens, I would then impose the sentence that Reagan Tokes would make me impose which would be the indeterminate two to three years. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: * * * You still willing to stand on the plea you entered at the time of your plea?

THE DEFENDANT: Yes, sir.

{¶ 3} The State appeals from the trial court's ruling that the Reagan Tokes Act is unconstitutional. It asserts the following assignment of error:

THE REAGAN TOKES ACT, CODIFIED IN R.C. 2929.14 AND INSTITUTING A VERSION OF INDETERMINATE SENTENCING, DOES NOT VIOLATE THE SEPARATION OF POWERS, NOR IS IT OTHERWISE UNCONSTITUTIONAL.

{¶ 4} The State asserts that the Reagan Tokes Act does not violate the separation of powers doctrine and that the concept of indefinite sentencing is "nothing new." It further argues that, because the trial court's conclusion that the Reagan Tokes Act is unconstitutional was incorrect, the sentence the court imposed on Baker, which did not to comply with the Act, was contrary to law and must be reversed.

{¶ 5} The Reagan Tokes Act introduced indefinite sentencing for first- and second-degree felonies committed after March 22, 2019. *See* R.C. 2967.271; *State v.*

*Sinkhorn*, 2d Dist. Clark No. 2019-CA-79, 2020-Ohio-5359, ¶ 27. As this Court has explained:

> Under the Reagan Tokes Act, a trial court decides the minimum and maximum terms of a defendant's sentence. When the minimum term expires, there is a presumption that the offender shall be released. However, ODRC [the Ohio Department of Rehabilitation and Correction] may rebut the presumption and hold a prisoner in custody up to the maximum term after holding a hearing. *See* R.C. 2967.271(B)-(D). The statute contains factors that apply relating to an offender's conduct while in prison. *See* R.C. 2967.271(C). In addition, the statute also allows ODRC to recommend to the court that an offender's minimum sentence be reduced, based on the offender's "exceptional conduct while incarcerated or the offender's adjustment to incarceration." R.C. 2967.271(F)(1).

*Sinkhorn* at ¶ 30.

{¶ 6} This Court further noted as follows:

> * * * We recently upheld the constitutionality of the Reagan Tokes Act. *See State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153. In *Ferguson,* we concluded that the Act does not violate the separation-of-powers doctrine. We reasoned that the Act's scheme is consistent with established Ohio Supreme Court authority, which has held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Id.* at ¶ 23, citing

> *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301,
>
> ¶ 18-20. (Other citation omitted.)

*Id.* at ¶ 32.

**{¶ 7}** This Court further held in *Ferguson* as follows regarding due process:

> [T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." * * * The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the DRC [Department of Rehabilitation and Correction] must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the DRC unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.

*Ferguson* at ¶ 25.

**{¶ 8}** Other cases from our district have also upheld the constitutionality of the Reagan Tokes Act. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Wallace,* 2d Dist. Clark No. 2020-CA-3, 2020-Ohio-5109, ¶ 14.

**{¶ 9}** In his brief, Baker "acknowledges" that our holdings in *Ferguson* and *Leet* are the current law in the Second District and determinative of the State's appeal, at least in regard to the issues of separation of powers and procedural due process. But he continues:

> Appellee submits that S.B. 201 and its indefinite sentencing scheme

violates so many interwoven constitutional principles, including separation of powers, vagueness, due process, right to jury trial and right to counsel, that its provisions cannot stand. While Appellee acknowledges that this Court has previously determined many of these issues either directly or tangentially in *Ferguson* and *Leet,* * * * Appellee has asserted the arguments set forth herein to preserve them for the record and, again, urges this Court to reconsider *Ferguson* and *Leet* and find S.B. 201 unconstitutional under both the United States and Ohio Constitutions.

{¶ 10} We decline Baker's invitation to reconsider our prior decisions and, based upon those decisions, we agree with the State that Baker's sentence is contrary to law, namely the Reagan Tokes Act. We need not address the additional arguments raised by Baker in his brief. Consistent with the above-cited decisions by this Court, we hereby sustain the State's assignment of error, reverse the trial court's judgment with respect to Baker's sentence only, and remand the matter to the trial court to resentence Baker pursuant to the Reagan Tokes Act.

. . . . . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Michael R. Pentecost
Hon. Steven K. Dankof