[Cite as *State v. Keith*, 2021-Ohio-518.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28805 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-108 |
| | : | |
| MICHAEL KEITH | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of February, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

JEFFERY S. REZABEK, Atty. Reg. No. 0069117, 111 West First Street, Suite 1150, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

DONOVAN, J.

{¶ 1} The State of Ohio appeals from the trial court's judgment convicting Michael Keith, following his guilty plea, on one count of felonious assault in violation of R.C. 2903.11(A)(1), a felony of the second degree, and one count of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree.    After the court merged the two counts, the State elected to proceed to sentencing on the felony offense, felonious assault.    After declaring the Reagan Tokes Act ("RTA") unconstitutional because it violated the separation of powers doctrine, the court imposed a definite sentence of two years, instead of imposing an indeterminate sentence as required by the RTA.   For the following reasons, we reverse the judgment of the trial court and remand the matter solely for resentencing pursuant to the RTA.

{¶ 2} The State of Ohio's assignment of error is as follows:

THE REAGAN TOKES ACT, CODIFIED IN R.C. 2929.144 AND INSTITUTING A VERSION OF INDETERMINATE SENTENCING, DOES NOT VIOLATE SEPARATION OF POWERS, NOR IS IT OTHERWISE UNCONSTITUTIONAL.

{¶ 3} The State asserts that, because Keith was convicted of a qualifying second-degree felony under the RTA and was sentenced to the agreed minimum term of two years in prison, R.C. 2929.144(B)(1) required the trial court to impose an indefinite sentence, i.e., a minimum term of two years and a maximum term of three years.   The State asserts that, because the trial court failed to impose a statutorily-authorized sentence, "the determinate two-year sentence imposed by the trial court was contrary to law."   According to the State, the trial court's reason for not imposing a sentence that conforms with Ohio's current sentencing scheme – that the legislation that led to the

codification of R.C. 2929.144 was unconstitutional – was "legally unsound."

{¶ 4} Citing *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 23, the State points out that this Court has already decided that the RTA does not violate the separation of powers doctrine. The State argues that, pursuant to the RTA, because the minimum term of Keith's sentence was two years, R.C. 2929.144(B) required the trial court also to impose a maximum term of three years, and its failure to do so was contrary to law.

{¶ 5} Keith responds that the RTA does violate the separation of powers doctrine and is otherwise unconstitutional. Specifically, he argues that, under the RTA, qualifying first- and second-degree felonies are sentenced under indefinite sentencing schemes, whereby the Ohio Department of Rehabilitation and Correction (ODRC) "makes the decision as to whether the offender committed a new crime, and may be held in custody until the maximum term of sentencing." He argues that his sentence was imposed pursuant to a negotiated plea agreement, whereby he would receive an agreed minimum prison sentence of two years, and the trial court, in its discretion, properly imposed the two-year agreed-upon prison term, "opting not to impose an indefinite term of imprisonment." According to Keith, the portions of the RTA which would allow the ODRC to "administratively extend" his prison term beyond the presumptive minimum prison term violate the United States and Ohio Constitutions, because they place sentencing discretion in the hands of the ODRC rather than the trial court.

{¶ 6} Keith further asserts that, because R.C. 2967.271(C)(1)(a) enumerates "the commission of 'a violation of the law' that was not prosecuted" as one reason to increase an inmate's length of incarceration, this provision "effectively places the ODRC in the

place of judge and jury," allows it "to unilaterally decide whether or not a new crime has been committed," and also allows it "to level a punishment for the commission of the new crime outside the prescribed constitutional judicial process."

{¶ 7} R.C. 2929.14(A)(2)(a) provides:

> For a felony of the second degree committed on or after the effective date of this amendment, the prison term shall be an indefinite prison term with a stated minimum term selected by the court of two, three, four, five, six, seven, or eight years and a maximum term that is determined pursuant to section 2929.144 of the Revised Code, except that if the section that criminalizes the conduct constituting the felony specifies a different minimum term or penalty for the offense, the specific language of that section shall control in determining the minimum term or otherwise sentencing the offender but the minimum term or sentence imposed under that specific language shall be considered for purposes of the Revised Code as if it had been imposed under this division.

{¶ 8} R.C. 2929.144(B)(1) provides: "If the offender is being sentenced for one felony and the felony is a qualifying felony of the first or second degree, the maximum prison term shall be equal to the minimum term imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code plus fifty per cent of that term."

{¶ 9} As this Court has noted, the RTA introduced indefinite sentencing for first and second-degree felonies committed after March 22, 2019. *See* R.C. 2967.271; *State v. Sinkhorn*, 2d Dist. Clark No. 2019 CA 79, 2020-Ohio-5359, ¶ 27; *State v. Baker*, 2d Dist. Montgomery No. 28782, 2021-Ohio-140, ¶ 5. We explained:

Under the Reagan Tokes Act, a trial court decides the minimum and maximum terms of a defendant's sentence. When the minimum term expires, there is a presumption that the offender shall be released. However, ODRC may rebut the presumption and hold a prisoner in custody up to the maximum term after holding a hearing. *See* R.C. 2967.271(B)-(D). The statute contains factors that apply relating to an offender's conduct while in prison. *See* R.C. 2967.271(C). In addition, the statute also allows ODRC to recommend to the court that an offender's minimum sentence be reduced, based on the offender's "exceptional conduct while incarcerated or the offender's adjustment to incarceration." R.C. 2967.271(F)(1).

*Sinkhorn* at ¶ 30.

{¶ 10} This Court has further stated:

* * * We recently upheld the constitutionality of the Reagan Tokes Act. *See State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153. In *Ferguson*, we concluded that the Act does not violate the separation-of-powers doctrine. We reasoned that the Act's scheme is consistent with established Ohio Supreme Court authority, which has held that "when the power to sanction is delegated to the executive branch, a separation-of-powers problem is avoided if the sanction is originally imposed by a court and included in its sentence." *Id.* at ¶ 23, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 18-20. (Other citation omitted.)

*Sinkhorn* at ¶ 32.

**{¶ 11}** Regarding due process, we further held in *Ferguson* as follows:

[T]he fundamental requisite of due process of law is the opportunity to be heard in a meaningful time and in a meaningful manner." * * * The Reagan Tokes Law satisfies these requirements. The Law states that, in order to rebut the presumption of the minimum term, the DRC [Department of Rehabilitation and Correction] must make a particular statutory determination "at a hearing." R.C. 2967.271(C) and (D). The Law does not give the DRC unfettered discretion to require an offender to serve more than the minimum term. And it affords an offender notice and an opportunity to be heard before more than the minimum may be required.

*Ferguson* at ¶ 25.

**{¶ 12}** Other cases from our district have also upheld the constitutionality of the Reagan Tokes Act. *See State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592. *See also State v. Wallace,* 2d Dist. Clark No. 2020-CA-3, 2020-Ohio-5109, ¶ 14 ("We continue to adhere to our conclusion that the Reagan Tokes Law does not violate the separation-of-powers doctrine or a defendant's right to procedural due process.").

**{¶ 13}** Consistent with the above decisions by this Court, we hereby sustain the State's assignment of error, reverse the trial court's judgment with respect to its sentence only, and remand the matter to the trial court to resentence Keith in accordance with the Reagan Tokes Act.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.


Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Jeffery S. Rezabek
Steven K. Dankof