[Cite as *State v. Leamman*, 2022-Ohio-2057.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 2021-CA-30 and |
| | : | 2021-CA-35 |
| v. | : | |
| | : | Trial Court Case No. 2021-CR-72 |
| JACOB DAVID LEAMMAN | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

# O P I N I O N

Rendered on the 17th day of June, 2022.

. . . . . . . . . . .

SAMANTHA B. WHETHERHOLT, Atty. Reg. No. 0092010, Champaign County Prosecutor's Office, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

BLAISE KATTER, Atty. Reg. No. 0092855, 2340 Henderson Road, Suite B, Columbus, Ohio 43220
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Jacob David Leamman appeals from his conviction following a guilty plea to one count of rape, a first-degree felony.

{¶ 2} Leamman challenges the constitutionality of Ohio's indeterminate-sentencing scheme in the Reagan Tokes Act, under which he was sentenced. He also contends his trial counsel provided ineffective assistance by failing to object to sentencing under the Reagan Tokes Act. Finally, he claims the trial court erred in not holding a hearing on his post-sentence motion to withdraw his plea.

{¶ 3} We conclude that the Reagan Tokes Act is not unconstitutional and, therefore, that Leamman's counsel did not provide ineffective assistance by failing to challenge it below. We also find that the trial court was not obligated to hold a hearing on Leamman's plea-withdrawal motion. Accordingly, the trial court's judgment will be affirmed.

## I. Factual and Procedural Background

{¶ 4} A grand jury indicted Leamman on two counts of rape, one count of attempted rape, two counts of sexual battery, one count of attempted sexual battery, two counts of unlawful sexual conduct with a minor, and one count of attempted unlawful sexual conduct with a minor. The charges involved an October 27, 2019 incident during which Leamman attempted to have vaginal intercourse with the victim, digitally penetrated her, and had her perform fellatio on him. At the time of the incident, Leamman was one day shy of his 20th birthday, and the victim was 13 years old.

{¶ 5} Leamman ultimately pled guilty to one count of rape by force, a first-degree

felony, in exchange for dismissal of the other charges. The trial court accepted the plea and imposed an indefinite sentence of 9 to 13.5 years in prison under the Reagan Tokes Act. Shortly thereafter, Leamman moved to withdraw his plea under Crim.R. 32.1 based on a manifest injustice, and he requested a hearing.

{¶ 6} In his motion, Leamman claimed he was experiencing an undiagnosed mental-health crisis at the time of his plea (as evidenced by his receipt of counseling and medication while on house arrest after his plea to overcome depression, anxiety, and suicidal thoughts). He also claimed that he did not understand and was not advised about the nature of the charges and possible defenses when he entered his plea. Leamman asserted that he had a defense to the most serious charges involving the use of force. He further argued that the plea bargain was not as beneficial as he was led to believe because most of the dismissed charges would have merged as allied offenses. Leamman also claimed his attorney told him he faced a potential life sentence if he went to trial and lost, whereas counsel "practically" guaranteed a minimum sentence if he pled guilty. In fact, Leamman asserted that his attorney professed to have obtained an "agreement" for a "lower sentence." Finally, he cited the promptness of his motion and professed not to have been motivated by a mere "change of heart." He stated that he knew a prison sentence was likely but was told that he would receive a minimum term.

{¶ 7} On August 30, 2021, the trial court filed a detailed entry overruling the plea-withdrawal motion without a hearing. The trial court separately addressed and rejected each of the grounds Leamman cited for seeking to withdraw his guilty plea. Leamman appealed from the trial court's judgment entry of conviction and its entry overruling his

post-sentence motion to withdraw his plea. We consolidated the appeals.

## II. Analysis

{¶ 8} Leamman advances the following three assignments of error:

1. The Indeterminate Sentencing Scheme Under the "Reagan Tokes Act" is Ripe for Review and Unconstitutional, as violative of Due Process, Trial by Jury, and Separation of Powers.

2. Trial Counsel was Ineffective by Failing to Object to the Appellant's Sentencing Under the Indeterminate "Reagan Tokes Act."

3. The Trial Court Erred by not Holding a Hearing on a Post-Sentence, Pre-Appeal Motion to Withdraw Guilty Plea.

{¶ 9} Leamman's first two assignments of error address the Reagan Tokes Act, under which the trial court imposed the indefinite prison term. We recently summarized the law as follows:

> The Reagan Tokes Law, effective on March 22, 2019, " 'significantly altered the sentencing structure for many of Ohio's most serious felonies' by implementing an indefinite sentencing system for those non-life felonies of the first and second degree, committed on or after the effective date." *State v. Polley*, 6th Dist. Ottawa No. OT-19-039, 2020-Ohio-3213, ¶ 5, fn. 1. The Law requires the sentencing judge to impose a "minimum term" from within the currently established sentencing range and a "maximum term" of an additional fifty percent of the imposed minimum term. *See* R.C. 2929.144(B). "Release [from prison] is presumed to occur at the expiration

of the 'minimum term,' however the Department of Rehabilitation and Corrections [DRC] may, under certain circumstances, rebut that release presumption and impose additional prison time up to the 'maximum term.' " The Ohio Criminal Sentencing Commission, SB 201 Quick Reference Guide July 2019. The DRC may also reduce the minimum term, with the approval of the sentencing court. *Id.*

*State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153, ¶ 20.

{¶ 10} In his first assignment of error, Leamman contends the Reagan Tokes Act unconstitutionally violates his right to due process, trial by jury, and the separation-of-powers doctrine. He only briefly addresses these issues, recognizing that we have rejected identical arguments multiple times. However, he urges us to reconsider and to follow the reasoning of the Eighth District Court of Appeals, which in a trio of 2021 cases held that the law did violate a defendant's right to due process and trial by jury as well as the separation-of-powers doctrine. Leamman also contends a certified-conflict case addressing the "ripeness" of challenges to the Act's constitutionality is pending in the Ohio Supreme Court. Finally, he notes that he is raising his constitutional arguments on appeal, despite our case law to the contrary, to preserve the issues for further appeal.

{¶ 11} Upon review, we find Leamman's constitutional challenges to the Act to be unpersuasive. Even if we overlook defense counsel's failure to raise those issues below, we see no violation of his right to due process, trial by jury, or the separation-of-powers doctrine. This court has fully examined and rejected the same arguments in prior cases. Most recently, we thoroughly addressed all three arguments in *State v. Thompson*, 2d Dist. Clark No. 2020-CA-60, 2021-Ohio-4027, finding no constitutional infirmity. We have

rejected those arguments in at least 10 other cases as well. *See*, *e.g.*, *State v. Hall*, 2021-Ohio-1894, 173 N.E.3d 166 (2d Dist.); *State v. Fletcher*, 2d Dist. Montgomery Nos. 28829, 28830, 2021-Ohio-1515; *State v. Ross*, 2d Dist. Montgomery No. 28875, 2021-Ohio-1337; *State v. Keith*, 2d Dist. Montgomery No. 28805, 2021-Ohio-518; *State v. Baker*, 2d Dist. Montgomery No. 28782, 2021-Ohio-140; *State v. Sinkhorn*, 2d Dist. Clark No. 2019-CA-79, 2020-Ohio-5359; *State v. Wallace*, 2d Dist. Clark No. 2020-CA-3, 2020-Ohio-5109; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-Ohio-4150.

**{¶ 12}** We need not continue plowing the same ground regarding the constitutionality of the Reagan Tokes Act. Based on the foregoing cases, we reject Leamman's argument that the act violates his right to due process, trial by jury, and the separation-of-powers doctrine. Although the Eighth District previously reached a contrary conclusion, it recently issued an en banc decision in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, finding the Reagan Tokes Act constitutional. In its en banc decision, the Eighth District rejected due-process, trial-by-jury, and separation-of-powers challenges to the legislation and vacated Eighth District precedent to the contrary, including the cases cited by Leamman. In light of the Eighth District's en banc decision, Leamman has not identified existing precedent anywhere in Ohio declaring the Reagan Tokes Act unconstitutional.

**{¶ 13}** We note too that the certified-conflict case Leamman cites was decided on March 16, 2022, after he filed his appellate brief. In *State v. Maddox*, Ohio Slip Opinion

No. 2022-Ohio-764, __ N.E.3d __, the Ohio Supreme Court held that a defendant's constitutional challenge to a sentence imposed under the Reagan Tokes Act is ripe for review on direct appeal. The Ohio Supreme Court did not resolve any arguments addressing the legislation's constitutionality. Instead, it remanded for the Sixth District to consider the merits of the constitutional challenge. *Id.* at ¶ 22. Therefore, *Maddox* is of no assistance to Leamman.

{¶ 14} Finally, in light of our holding that the Reagan Tokes Act is constitutional, we hold that defense counsel did not provide ineffective assistance by failing to object to Leamman's being sentenced under it. We note too that appellate counsel's act of raising the issue in this court has preserved it for any further appeal. For these reasons, we see no prejudice to Leamman to support an ineffective-assistance claim. Accordingly, the first and second assignments of error are overruled.

{¶ 15} In his third assignment of error, Leamman contends the trial court erred in failing to hold a hearing on his post-sentence motion to withdraw his guilty plea. He argues that the trial court was obligated to hold a hearing where his allegations, if true, would entitle him to have his plea withdrawn. Leamman claims his allegations about a lack of understanding of the nature of the charges, potential defenses, and the potential penalties met this standard. In particular, he references his assertion that defense counsel induced his plea by misrepresenting and overstating the potential penalty if he went to trial.

{¶ 16} Under Crim.R. 32.1, a trial court may permit a defendant to withdraw a guilty plea after sentence has been imposed only to correct a manifest injustice. This standard "demands a showing of extraordinary circumstances, and the defendant bears the burden

of proving the existence of a manifest injustice." *State v. Turner*, 171 Ohio App.3d 82, 2007-Ohio-1346, 869 N.E.2d 708, ¶ 20 (2d Dist.). "The heavy standard is meant to avoid the possibility of a defendant pleading guilty to test the weight of potential punishment and later withdrawing the plea if the sentence was unexpectedly severe." *State v. Mays*, 174 Ohio App.3d 681, 2008-Ohio-128, 884 N.E.2d 607, ¶ 4 (8th Dist.).

{¶ 17} "[A]n evidentiary hearing is not required on every post-sentence motion to withdraw a plea. The movant must establish a reasonable likelihood that withdrawal of his plea is necessary to correct a manifest injustice before a trial court must hold a hearing on his motion." (Citation omitted.) *State v. Stewart*, 2d Dist. Greene No. 2003-CA-28, 2004-Ohio-3574, ¶ 6. Leamman asserts that a hearing is required where the facts alleged by a defendant, if accepted as true, would require withdrawal of a plea. *See, e.g., State v. Nawman*, 2d Dist. Clark No. 2016-CA-43, 2017-Ohio-7344, ¶ 13. While this generally is true, we also have recognized that "[n]o hearing is required on a post-sentence motion to withdraw a plea where the motion is supported only by the movant's own self-serving affidavit, at least when the claim is not supported by the record." *Stewart* at ¶ 6. Additionally, "a court is not required to hold an evidentiary hearing on a Crim.R. 32.1 motion so that evidence outside the record can be presented when the motion and record do not present a reasonable likelihood of a manifest injustice." *State v. Johnson*, 2d Dist. Champaign No. 2018-CA-27, 2019-Ohio-1259, ¶ 15.

{¶ 18} "We review a trial court's decision on a post-sentence motion to withdraw guilty plea and on a decision granting or denying a hearing on the motion for an abuse of discretion." *State v. Ogletree*, 2d Dist. Clark No. 2014-CA-16, 2014-Ohio-3431, ¶ 11. "A

trial court abuses its discretion when it makes a decision that is unreasonable, unconscionable, or arbitrary." (Citation omitted.) *State v. Darmond*, 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34. "Absent an abuse of discretion on the part of the trial court in making the ruling, its decision must be affirmed." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

**{¶ 19}** Here there is no evidence, not even Leamman's own affidavit, to support the allegations in his motion,[1] and the record affirmatively refutes those allegations. In denying Leamman's motion, the trial court identified in detail where and how the record controverted his allegations. With regard to Leamman's claimed mental-health crisis, the trial court noted the absence of anything in the plea transcript to suggest that his guilty plea was not entered knowingly, intelligently, and voluntarily. The trial court also noted that Leamman's mental-health breakdown occurred a week after sentencing and following his participation in a presentence investigation. The trial court additionally pointed out defense counsel's recognition at sentencing that Leamman's "mental breakdown" occurred after his admission at the plea hearing and after talking to his family.

**{¶ 20}** As for Leamman's professed lack of understanding of the charges and possible defenses, the trial court quoted from the plea-hearing transcript and a plea agreement that Leamman had signed. Both sources established that Leamman did understand the charges and possible defenses. The trial court also paused the plea hearing to give him a chance to confer with defense counsel and to ask any questions.

---

[1] We recognized in *Stewart* that no hearing is required even where a post-sentence motion is supported by a movant's affidavit if the claims in the affidavit are not supported by the record. Therefore, Leamman would not be entitled to a hearing even if he had supplied his own affidavit.

**{¶ 21}** Finally, with regard to defense counsel's allegedly misrepresenting that Leamman faced a life sentence if he went to trial while practically guaranteeing a minimum sentence if he pled guilty, the trial court again quoted the plea-hearing transcript. The trial court found it replete with instances of Leamman's being informed of the potential minimum and maximum penalty. During the plea hearing, the trial court also explained to Leamman that it had not been involved in any "behind the scenes" sentencing discussions and had not revealed to counsel what sentence it would impose. Leamman also confirmed during the hearing that no one had made any threats or promises regarding his sentence. In overruling the plea-withdrawal motion, the trial court found no evidence that Leamman had a "verifiable belief" about receiving a particular sentence. It also noted that the plea colloquy negated his claim about threats and promises regarding his sentence. For the foregoing reasons, the trial court declined to hold a hearing on the plea-withdrawal motion.

**{¶ 22}** We see no abuse of discretion in the trial court's ruling. Leamman's bare allegations were insufficient to require a hearing, as they were entirely unsupported by the record. *Stewart* at ¶ 6. Moreover, the trial court was not required to hold a hearing to enable Leamman to present evidence where his motion and the existing record did not establish a reasonable likelihood of a manifest injustice. *Johnson,* 2d Dis.t Champaign No. 2018-CA-27, 2019-Ohio-1259, at ¶ 15. Leamman's third assignment of error is overruled.

### III. Conclusion

**{¶ 23}** Having overruled Leamman's assignments of error, we affirm the judgment

of the Champaign County Common Pleas Court.

. . . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.

Copies sent to:

Samantha B. Whetherholt
Blaise Katter
Hon. Nick A. Selvaggio