[Cite as *State v. Boldman*, 2022-Ohio-3572.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2022-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-225 |
| | : | |
| JORDAN BOLDMAN | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 7th day October, 2022.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
       Attorney for Plaintiff-Appellee

GLENDA A. SMITH, Atty. Reg. No. 0070738, P.O. Box 15353, Wyoming, Ohio 45215
       Attorney for Defendant-Appellant

. . . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Jordan Boldman appeals from his conviction after entering a negotiated guilty plea to three felony sex offenses in the Champaign County Common Pleas Court. On appeal, he challenges the validity of his prison sentence and the constitutionality of indefinite sentences under the Reagan Tokes Act as in enacted under S.B. 201. For the following reasons, we affirm the judgment of the trial court.

## I. Background

{¶ 2} On December 6, 2021, Boldman was indicted by the Champaign County grand jury on two counts of pandering sexually-oriented matter involving a minor or impaired minor, in violation of R.C. 2907.322(A)(1), felonies of the second degree, and one count of unlawful sexual conduct with a minor, in violation of R.C. 2907.04(A), a felony of the fourth degree.

{¶ 3} On December 15, 2021, Boldman entered a written negotiated guilty plea to the offenses as charged in the indictment, and the State agreed to recommend a sentence of an indefinite prison term consisting of a minimum term of no more than 12 years and a maximum term of 16 years. The State's recommendation was contingent on Boldman's not having any additional criminal history other than what was already known to the State and not committing any new criminal offenses or violating any conditions of bond prior to sentencing. Pursuant to the plea agreement, Boldman was informed that the second-degree felony offenses carried an indefinite sentence of a minimum of two to eight years in prison with a maximum term being the minimum term that is imposed plus one-half of the minimum sentence imposed. He was also informed of the rebuttable presumption that he would be released after the expiration of his minimum sentence. Both second-

degree felonies carried a Tier II sex offender classification and a $15,000 maximum fine. Boldman was further informed that the fourth-degree felony offense carried a stated prison term of six to eighteen months, a maximum fine of $5,000, and Tier II sex offender classification.

{¶ 4} Because Boldman entered a guilty plea to multiple felony offenses, Boldman was advised that he could be sentenced to serve consecutive sentences. Although the State made a recommendation for sentencing, it was not a jointly-recommended sentence, and Boldman was advised that the trial court had discretion to impose any sentence within the statutory range, which, in this case, if all sentences were ordered to be served consecutively, was a minimum sentence of 17½ years to a maximum of 21½ years in prison. Since none of the offenses carried mandatory prison terms, Boldman was advised that he was eligible for community control sanctions. However, he was also informed that he was subject to a mandatory period of post-release control of five years if he were to be sentenced to prison and that violations of post-release control could result in additional sanctions. Further, as a result of Boldman's being on post-release control for a prior felony sex offense at the time he committed the underlying offenses in this case, Boldman was advised that if his post-release control were revoked, he could be subject to an additional 741 days in prison to be served consecutively to the underlying sentence in this case. Boldman agreed to pay court costs and forfeit certain items to the Champaign County Sheriff's Office.

{¶ 5} After entering his guilty plea, the trial court found Boldman guilty as charged and ordered a presentence investigation report ("PSI") for sentencing. At the sentencing

hearing, before imposition of sentence, the parties addressed Boldman's post-release control enhancement time which was recalculated from 741 days to 1,069 days. Based on the additional prison time Boldman faced, Boldman was given the opportunity to withdraw his plea or continue forward with the sentencing hearing. After taking a recess and discussing the plea with his attorney, Boldman agreed to maintain his guilty plea and proceed with sentencing. As a result of the change, a new written plea form was completed and the trial court conducted another Crim.R. 11 plea hearing. Because the PSI was already completed, the parties proceeded directly to sentencing.

{¶ 6} Prior to imposing sentence, the trial court stated that it had reviewed the PSI, statements of counsel, and Boldman's statements, as well as a colloquy that occurred between the court and Boldman. The court acknowledged it had considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the seriousness of the conduct and Boldman's likelihood of recidivism. Boldman was ordered to serve a minimum term of 6 years and a maximum term of 9 years in prison on both second-degree felony charges and a definite prison term of 18 months on the fourth-degree felony charge. All sentences were ordered to be served consecutively for a total indefinite minimum sentence of 13½ years in prison and maximum sentence of 16½ years in prison. The trial court additionally imposed a sentence of 704 days in prison for Boldman's post-release control enhancement time to be served consecutively to his underlying sentence. Boldman was again informed of the rebuttable presumption that he would be released at the expiration of his minimum term. Boldman was advised during sentencing of his Tier II sex offender requirements, he was ordered to serve a mandatory five years of post-

release control, ordered to pay a fine and court costs, and the forfeiture was imposed as agreed. At no time during the plea or sentencing hearing did Boldman object to his sentence or challenge the constitutionality of the Reagan Tokes Law.

{¶ 7} Boldman appeals, raising three issues all related to the imposition of his sentence.

## II. Review of Boldman's Sentence

{¶ 8} In his first assignment of error, Boldman asserts that the trial court erred in finding that there "were not substantial grounds to mitigate Boldman's conduct, in determining recidivism and promot[ing] the effective rehabilitation of the offender using the minimum sanctions." Boldman insists that the trial court did not adequately consider his mental health and his youth; Boldman was 22 years of age at the time of sentencing. Boldman contends, as he did in the trial court, that he should have received sex offender treatment, a community control sanction, rather than a prison sentence. His argument lacks merit.

{¶ 9} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or otherwise modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *Id.*, citing R.C. 2953.08(G)(2).

{¶ 10} Boldman did not raise an issue involving a challenge to any of the specified

findings articulated in R.C. 2953.08(G)(2)(a).    Thus, Boldman challenges his sentence as being contrary to law under R.C. 2953.08(G)(2)(b).

{¶ 11} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences."    *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).    In exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12.    *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.    However, the Ohio Supreme Court has clarified that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12."    *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶ 12} The Supreme Court also confirmed that R.C. 2953.08(G)(2)(b) does not provide a mechanism for an appellate court to modify or vacate a felony sentence based upon a finding that the sentence is "contrary to law" because it clearly and convincingly is not supported by the record under R.C. 2929.11 and R.C. 2929.12.    *Jones* at ¶ 32-39.    "As a result of the Supreme Court's holding in *Jones*, when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record.    We simply must determine whether those sentences are contrary to law."    *State v. Dorsey*,

2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135 (2d Dist.).

{¶ 13} Here, all of the sentences imposed were within the statutory ranges for the respective offenses. *See* R.C. 2929.14(A)(2)(a) (penalties for second-degree felonies) and R.C. 2929.14(A)(4) (penalties for fourth-degree felonies). The record reflects that the trial court did not fail to consider the matters set forth in R.C. 2929.11 and R.C. 2929.12; in fact, the court expressly mentioned them, even if it did not cite both statutes by number. Moreover, the trial court's sentencing entry states that it considered and applied R.C. 2929.11 and R.C. 2929.12 in determining an appropriate sentence. "A defendant's sentence is not contrary to law when the trial court expressly states in its sentencing entry that it has considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, but neglects to mention those statutes at the sentencing hearing." (Citations omitted.) *State v. Anderson*, 2d Dist. Clark No. 2019-CA-80, 2020-Ohio-4083, ¶ 21. Based upon the Ohio Supreme Court's holding in *Jones*, Boldman's first assignment of error is overruled.

## III. Reagan Tokes Law

{¶ 14} In his second assignment of error, Boldman argues that the trial court violated his "rights to appeal, right to trial by jury and due process rights" by imposing an indefinite sentence under the Reagan Tokes Law. The premise of his argument is that

upon completion of the minimum sentence of an indeterminate sentence, the Ohio Department of Rehabilitation and Correction ("DRC") may rebut the presumption that he be released, which modifies his sentence without the opportunity for him to challenge the decision, thus being in violation of his constitutional rights. He further argues in his third assignment of error that the Reagan Tokes Law is unconstitutional, because it violates a separation of powers between the executive branch and the judicial branch. Because of the correlation between these two assignments of error, we will address them together.

{¶ 15} In both his second and third assignments of error, Boldman attempts to challenge the constitutionality of the sentencing statutes, yet he failed to raise any constitutional challenge in the trial court. "[T]he question of the constitutionality of a statute must generally be raised at the first opportunity and, in a criminal prosecution, this means in the trial court." *State v. Awan*, 22 Ohio St.3d 120, 122, 489 N.E.2d 277 (1986). "The failure to challenge the constitutionality of a statute in the trial court forfeits all but plain error on appeal, and the burden of demonstrating plain error is on the party asserting it." *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2. Boldman makes no acknowledgement in his brief of his failure to challenge the constitutionality of the sentencing scheme in the trial court and submitted no plain error argument on appeal. Therefore, his constitutional arguments are forfeited. Although we retain the ability to consider constitutional challenges on appeal where no challenge was raised in the trial court, we have previously analyzed and rejected similar arguments and find no need to reiterate them here.

{¶ 16} We have consistently held that the Reagan Tokes Act does not violate the

separation of powers doctrine, due process, right to appeal, or right to a jury trial, and is otherwise not unconstitutional. *See State v. Leamman*, 2d Dist. Champaign No. 2021-CA-30 and 2021-CA-35, 2022-Ohio-2057, ¶ 11 (finding that the Reagan Tokes Law is not violative of due process, trial by jury, or separation of powers doctrine and citing several Second District cases rejecting constitutional challenges); *State v. Dennison*, 2d Dist. Champaign No. 2021-CA-42, 2022-Ohio-1961, ¶ 15-22 (finding that the Reagan Tokes Law does not violate a defendant's statutory rights to appeal, right to trial by jury, right to counsel, due process rights, or the separations of powers doctrine).

**{¶ 17}** Because Boldman does not advance any novel argument left unaddressed by this Court's prior decisions, we find the constitutional challenges presented in this appeal, even if not forfeited, lack merit. As a result, his second and third assignments of error are overruled.

## IV. Conclusion

**{¶ 18}** Having overruled each of Boldman's assignments of error, the decision of the trial court is affirmed.

. . . . . . . . . . . .

TUCKER, P.J. and DONOVAN, J., concur.

Copies sent to:

Jane A. Napier
Glenda A. Smith
Hon. Nick A. Selvaggio