[Cite as *State v. Glaze*, 2022-Ohio-4549.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29431 |
| | : | |
| v. | : | Trial Court Case No. 2021-CR-2855 |
| | : | |
| CARMELLO GLAZE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 16th day of December, 2022.

. . . . . . . . . .

MATHIAS H. HECK, JR. by ANDREW T. FRENCH, Atty. Reg. No. 0069384, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

VICTORIA FERRY, Atty. Reg. No. 0101094, Assistant Public Defender, Office of the Ohio Public Defender, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Defendant-Appellant Carmello Glaze appeals from his convictions in the Montgomery County Court of Common Pleas after he pled guilty to one count of involuntary manslaughter with an attendant firearm specification, one count of discharge of a firearm on or near a prohibited premises, and one count of having weapons while under disability. He was then sentenced to 18 to 23½ years in prison. For the reasons that follow, the judgment of the trial court will be affirmed.

**I.          Facts and Procedural History**

{¶ 2} On the evening of April 27, 2021, Glaze (who was a juvenile at the time) shot and killed Kirby Shoffner. Glaze was quickly found, arrested, and charged as a juvenile. Following his bind over to adult court, Glaze was indicted on two counts of murder, two counts of felonious assault, one count of discharge of a firearm on or near a prohibited premises, and one count of having weapons while under disability. The murder and felonious assault charges carried firearm specifications.

{¶ 3} After negotiations with the State, Glaze agreed to plead guilty by way of bill of information to a single count of involuntary manslaughter with a firearm specification, as well as to the previously-indicted charges of discharge of a firearm on or near a prohibited premises and having weapons while under disability. In exchange for the guilty pleas, the State agreed to dismiss the remaining counts and specifications. Additionally, the parties agreed to an aggregate sentence of 18 to 23½ years in prison.

{¶ 4} On February 23, 2022, the trial court accepted Glaze's plea and proceeded to disposition where it sentenced Glaze to 11 to 16½ years for involuntary manslaughter, a consecutive three years for the firearm specification, and consecutive two-year terms

for both discharge of a firearm on or near a prohibited premises and having weapons while under disability. Glaze was ordered to serve 18 to 23½ years in prison. He was also ordered to pay $3,000 in restitution. Trial counsel did not object to the sentence, which corresponded with the agreement of the parties.

{¶ 5} On March 24, 2022, Glaze filed this appeal, raising two assignments of error. We will address them together.

## II.     Reagan Tokes Act

{¶ 6} In his first assignment of error, Glaze argues that the indefinite sentencing scheme found in the Reagan Tokes Act violates his constitutional right to due process, his right to trial by jury, and the separation of powers doctrine. In his second assignment of error, he asserts that his trial counsel was ineffective for failing to object to the alleged constitutional violations. Both arguments are asymmetrical with precedent.

{¶ 7} In 2018, the Ohio legislature enacted Senate Bill 201 (S.B. 201), otherwise known as the Reagan Tokes Act. S.B. 201 provides indefinite sentencing for first and second-degree felonies that did not already carry a life sentence. The law requires that the sentencing court impose an indefinite sentence with a minimum term selected by the court from the statutory range, and then an accompanying maximum term (often 50% of the minimum), which is determined by a statutory formula under R.C. 2929.144.

{¶ 8} Another feature of S.B. 201 is that it gives the Ohio Department of Rehabilitation and Corrections (ODRC) the ability to hold a prisoner past the minimum term of the sentence. The legislature, however, has limited that authority by creating a statutory presumption that the prisoner will be released once the minimum term has been

completed. R.C. 2967.271(B). The ODRC may rebut that presumption, though, if it determines, after a hearing, that among other things, the prisoner has violated prison rules or the law (thereby demonstrating that the prisoner has not been rehabilitated and poses a threat to society), the prisoner has been placed in restrictive housing in the past year, or is classified as a security level of three or above. R.C. 2967.271(C). If the ODRC successfully rebuts the presumption of release, the prisoner remains in custody for a period not to exceed the maximum sentence. R.C. 2967.271(D)(1).

{¶ 9} Glaze contends that the Reagan Tokes Act violates his constitutional rights. Upon review, however, we find his constitutional challenges to the law to be unpersuasive. Even if we ignore trial counsel's failure to raise the issues below, we still see no violations of Glaze's rights to due process, trial by jury, or the separation of powers doctrine. This Court has, on at least a dozen occasions, examined and rejected similar arguments, finding no constitutional problems. *See State v. Boldman*, 2d Dist. Champaign No. 2022-CA-5, 2022-Ohio-3572; *State v. Leamman*, 2d Dist. Champaign No. 2021-CA-30, 2022-Ohio-2057, ¶ 11; *State v. Hall*, 2021-Ohio-1894, 173 N.E.3d 166 (2d Dist.); *State v. Fletcher*, 2d Dist. Montgomery Nos. 28829, 28830, 2021-Ohio-1515; *State v. Ross*, 2d Dist. Montgomery No. 28875, 2021-Ohio-1337; *State v. Keith*, 2d Dist. Montgomery No. 28805, 2021-Ohio-518; *State v. Baker*, 2d Dist. Montgomery No. 28782, 2021-Ohio-140; *State v. Sinkhorn*, 2d Dist. Clark No. 2019-CA-79, 2020-Ohio-5359; *State v. Wallace*, 2d Dist. Clark No. 2020-CA-3, 2020-Ohio-5109; *State v. Leet*, 2d Dist. Montgomery No. 28670, 2020-Ohio-4592; *State v. Ferguson*, 2d Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Barnes*, 2d Dist. Montgomery No. 28613, 2020-

Ohio-4150. As noted in *Leamman*, "[w]e need not continue plowing the same ground regarding the constitutionality of the Reagan Tokes Act." *Leamman* at ¶ 12.

{¶ 10} Based on this court's well-established precedents, we reject Glaze's argument that the Regan Tokes Act violates his right to due process, right to trial by jury, and the separation of powers doctrine. Similarly, because of that holding, we conclude that trial counsel did not provide ineffective assistance by failing to object to Glaze's sentence. Therefore, the first and second assignments of error are overruled.

### III.     Conclusion

{¶ 11} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and WELBAUM, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Andrew T. French
Victoria Ferry
Hon. Richard S. Skelton