[Cite as *State v. Haynes*, 2023-Ohio-858.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29545 |
| | : | |
| v. | : | Trial Court Case No. 2021 CR 03261 |
| | : | |
| GEORGE HAYNES | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 17, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by RICKY L. MURRAY, Attorney for Appellee

ROBERT ALAN BRENNER, Attorney for Appellant

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} George Haynes appeals from his conviction following a negotiated guilty plea to two counts of aggravated robbery.

{¶ 2} In his sole assignment of error, Haynes contends the trial court violated the parties' plea agreement by imposing a prison term that exceeded the agreed-upon range

of years. We conclude that Haynes' sentence was consistent with the plea agreement. Accordingly, the trial court's judgment will be affirmed.

## I. Background

{¶ 3} A grand jury indicted Haynes on two counts of aggravated robbery, grand theft, theft, evidence tampering, and a firearm specification. He subsequently pled guilty to two counts of aggravated robbery in exchange for dismissal of the other charges and the specification. Haynes also pled guilty to carrying a concealed weapon in a separate case. The parties' written plea agreement provided for a "7-10 year prison sentence." At the plea hearing, the prosecutor characterized the sentence "as an agreed range of seven to ten." Defense counsel agreed.

{¶ 4} Prior to accepting the plea, the trial court advised Haynes that the statutory range for each count of aggravated robbery was 3 to 11 years in prison. After confirming with defense counsel that the Reagan Tokes Act applied, the trial court explained its application as follows:

All right. So there is an additional indeterminate sentence, and what that means is this—for the sake of an example only, okay? This is not necessarily what your sentence is going to be but to make the numbers easy to work with, so you understand, the Court will choose one of your F1s.

One of your aggravated robberies—and let's assume, for the sake of argument, that you were to get six years on that count, okay? You would have a definite sentence of six years if that's what the Court chose to give

you.

There is also an indefinite portion of that sentence, which means it's—and it's always one-half of the underlying sentence. So if the Court gives you six years on one of your counts of aggravated robbery, then at the end of that six years, there's an indefinite term of an additional three years. Okay? That occurs only on one count. And what that means is this: You are presumed to get out at the six-year term, okay—in this example because that's what the Court is sentencing you to. Depending on how you act in prison—it's up to the parole board. If you don't act properly, they could keep you for an additional three years. * * *

{¶ 5} After confirming Haynes' understanding and explaining other aspects of the plea, the trial court accepted a guilty plea to two counts of aggravated robbery in the above-captioned case and a guilty plea to carrying a concealed weapon in the separate case.

{¶ 6} Defense counsel subsequently filed a memorandum requesting an eight-year prison term. At sentencing, the State requested a 10-year term. After giving Haynes an opportunity to speak, the trial court imposed a 10-year prison sentence on one count of aggravated robbery. In accordance with the Reagan Tokes Act, it imposed an indeterminate prison term of 10 years minimum to 15 years maximum on the other aggravated-robbery count. It ordered those sentences to be served concurrently. Finally, the trial court imposed a concurrent one-year prison term in the concealed-weapon case.

**II. Analysis**

**{¶ 7}** On appeal, Haynes challenges the trial court's imposition of a 10 to 15 year prison term.[1] He argues that the sentence conflicted with the sentencing range of 7 to 10 years set forth in the plea agreement.

**{¶ 8}** Upon review, we find Haynes' argument to be unpersuasive. His sentence is governed by the Reagan Tokes Act. Among other things, it requires a sentencing court to "impose an indefinite sentence with a minimum term selected by the court from the statutory range, and then an accompanying maximum term (often 50% of the minimum), which is determined by a statutory formula under R.C. 2929.144." *State v. Glaze*, 2d Dist. Montgomery No. 29431, 2022-Ohio-4549, ¶ 7.

**{¶ 9}** Here we are convinced that the plea agreement's reference to a "7-10 year prison sentence" was intended to identify the minimum term under the Reagan Tokes Act. In reaching this conclusion, we note defense counsel's acknowledgement during the plea hearing that the act applied. That being so, the reference to a "7-10 year prison sentence" could not have been intended to mean a definite prison term of 7, 8, 9, or 10 years because the act mandated an indeterminate prison sentence for one of the two aggravated-robbery convictions. Moreover, the stated 7 to 10 year range could not have been intended to identify minimum and maximum terms under the Reagan Tokes Act. If the minimum term were 7 years, the maximum term would have been 10.5 years, not 10 years.

**{¶ 10}** The only other possibility is that the parties intended the minimum term

---

[1] Haynes states that the trial court imposed an indefinite prison term of 10 to 15 years on both counts of aggravated robbery, but it did not. The trial court imposed a definite prison term of 10 years on one count and an indefinite term of 10 to 15 years on the other count. *See* Transcript at p. 23; *see also* July 13, 2022 Judgment Entry at 1.

under the Reagan Tokes Act to be between 7 and 10 years in prison. This interpretation is consistent with defense counsel's request for an 8-year sentence and the prosecutor's suggestion of a 10-year prison term. Given that defense counsel and the prosecutor both understood how the Reagan Tokes Act operated, there is no other way to interpret their recommendations.

{¶ 11} For the foregoing reasons, we conclude that the trial court did not err in imposing an indeterminate prison term of 10 years minimum to 15 years maximum on one of the aggravated-robbery counts. Haynes' assignment of error is overruled.

### III. Conclusion

{¶ 12} The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HUFFMAN, J., concur.