[Cite as *State v. Errett*, **2017-Ohio-7339**.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2016-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2015-CR-458 |
| | : | |
| RACHEL A. ERRETT | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 25th day of August, 2017.

. . . . . . . . . .

MEGAN M. FARLEY, Atty. Reg. No. 0088515, Assistant Prosecuting Attorney, Clark County Prosecutor's Office, 50 East Columbia Street, Fourth Floor, Springfield, Ohio 45502
      Attorney for Plaintiff-Appellee

CARL BRYAN, Atty. Reg. No. 0086838, 120 West Second Street, Suite 603, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Rachel A. Errett, appeals from her conviction and sentence in the Clark County Court of Common Pleas after pleading no contest to one count of theft of drugs in violation of R.C. 2913.02(A)(1), a felony of the fourth degree. In support of her appeal, Errett raises a single assignment of error claiming that the judgment entry of conviction issued by the trial court on March 31, 2016, incorrectly states that she entered a guilty plea to the theft of drugs charge. The State concedes, and we agree, that Errett entered a no contest plea to the charge in question and that the plea recorded in the judgment entry of conviction is a clerical error.

{¶ 2} "Crim.R. 36 provides that clerical mistakes in judgments may be corrected at any time. A nunc pro tunc entry may be used to correct a judgment by making it reflect what actually happened." *State v. Cole*, 2d Dist. Montgomery No. 26122, 2015-Ohio-3793, ¶ 9, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, ¶ 20. Given the clerical error in Errett's judgment entry of conviction, it is appropriate to remand the matter for the trial court to enter a nunc pro tunc entry that reflects the plea Errett actually entered. *Id.*

{¶ 3} Errett's sole assignment of error is sustained. That part of the trial court's judgment entry stating that Errett entered a plea of guilty is reversed; the case is remanded for the trial court to enter a nunc pro tunc entry that reflects Errett's no contest plea. The judgment is otherwise affirmed.

. . . . . . . . . . . .

HALL, P.J. and FROELICH, J., concur.


Copies mailed to:

Megan M. Farley
Carl Bryan
Hon. Richard J. O'Neill