[Cite as *State v. Fletcher*, 2021-Ohio-1515.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case Nos. 28829 & 28830 |
| | : | |
| v. | : | Trial Court Case Nos. 2019-CR-4057/3 & 2019-CR-4058/2 |
| | : | |
| KEMAR T. FLETCHER | : | |
| | : | (Criminal Appeal from |
| Defendant-Appellant | : | Common Pleas Court) |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of April, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR. by LISA M. LIGHT, Atty. Reg. No. 0097348, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
  Attorney for Plaintiff-Appellee

CARLO C. MCGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Oakwood, Ohio 45419
  Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Kemar T. Fletcher appeals from his conviction following a no-contest plea to four counts of aggravated robbery and one firearm specification in two cases.

{¶ 2} Fletcher advances three assignments of error. First, he contends his agreed prison sentence under the Reagan Tokes Act was unconstitutional and contrary to law. Second, he claims the trial court erred by rendering an incorrect legal opinion and inserting itself into plea negotiations, thereby causing his no-contest plea to be invalid under Crim.R. 11. Third, he asserts that cumulative error deprived him of due process and a "fair sentence."

{¶ 3} The record reflects that Fletcher was charged with two counts of aggravated robbery with accompanying firearm specifications in Montgomery C.P. No. 2019-CR-4057/3. He also was charged with two counts of aggravated robbery in Montgomery C.P. No. 2019-CR-4058/2. Again, both counts contained a firearm specification. The matter proceeded to a May 26, 2020 plea hearing at which Fletcher entered into a plea agreement resolving both cases. He agreed to plead no contest to all four counts of aggravated robbery and one firearm specification in exchange for dismissal of the remaining specifications. (Tr. at 7-9.) The parties also agreed to an aggregate minimum prison sentence of six years with a potential maximum sentence of 7.5 years under the Reagan Tokes Act. (*Id.* at 9-10.) The trial court accepted the pleas, found Fletcher guilty, and later imposed the agreed sentence. Fletcher timely appealed from the trial court's judgment entry in both cases. We consolidated the appeals on July 15, 2020.

{¶ 4} In his first assignment of error, Fletcher challenges the constitutionality of the Reagan Tokes Act, under which he was sentenced. He argues that the legislation violates

separation-of-powers principles and due process. He acknowledges that he did not raise these issues below and, therefore, that plain-error review applies.

{¶ 5} The Reagan Tokes Act, which is codified in R.C. 2929.144, reinstitutes a version of indeterminate sentencing for certain offenders. "Under the Reagan Tokes Act, a trial court decides the minimum and maximum terms of a defendant's sentence. When the minimum term expires, there is a presumption that the offender shall be released. However, ODRC [the Ohio Department of Rehabilitation and Correction] may rebut the presumption and hold a prisoner in custody up to the maximum term after holding a hearing." (Citations omitted.) *State v. Sinkhorn*, 2d Dist. Clark No. 2019-CA-79, 2020-Ohio-5359, ¶ 30. "The statute contains factors that apply relating to an offender's conduct while in prison. In addition, the statute also allows ODRC to recommend to the court that an offender's minimum sentence be reduced, based on the offender's "exceptional conduct while incarcerated or the offender's adjustment to incarceration." (Citations omitted.) *Id.*

{¶ 6} This court consistently has rejected challenges to the constitutionality of the Reagan Tokes Act, holding that it does not violate separation-of-powers principles or due process. *See, e.g.*, *State v. Keith*, 2d Dist. Montgomery No. 28805, 2021-Ohio-518, ¶ 10-12, citing additional cases. In accordance with this court's precedent, we conclude that the trial court did not commit any error, plain or otherwise, in sentencing Fletcher under the Reagan Tokes Act.

{¶ 7} Fletcher also argues that his sentence under the Reagan Tokes Act was contrary to law because it made the trial court's compliance with Crim.R. 11 impossible. More specifically, he suggests that the legislation injected "uncertainty" into his sentence,

making it impossible for the trial court to advise him of the potential maximum term. At the plea hearing, however, the trial court explained the operation of the Reagan Tokes Act and did advise Fletcher of the maximum penalties involved for his offenses. After informing Fletcher of the potential prison sentences he faced and the effect of the Reagan Tokes Act (Tr. at 8-9), the trial court recognized that the present cases involved an agreed sentence of three years on the firearm specification plus an aggregate minimum prison term of three years on the aggravated robberies for a total minimum of six years, with a potential additional 1.5 years under Reagan Tokes Act, making the aggregate maximum sentence 7.5 years. (*Id.* at 10.) The trial court also advised Fletcher about a rebuttable presumption under the Reagan Tokes Act that he would be released upon the expiration of his minimum term as well as the potential for the ODRC to keep him incarcerated until the expiration of his maximum term. (*Id.* at 10-11.) Fletcher does not dispute accuracy of these advisements or the trial court's calculations on appeal, and we see nothing about the Reagan Tokes Act that makes a trial court's compliance with Crim.R. 11 impossible.

{¶ 8} Finally, Fletcher asserts that the trial court's judgment entries in his two cases incorrectly reflect guilty pleas when, in fact, he pled no contest. The State concedes this error. Having reviewed the record, we agree that the judgment entries should be amended to indicate that Fletcher entered pleas of no contest and was found guilty by the trial court. This may be accomplished through a nunc pro tunc entry. *State v. Errett*, 2d Dist. Clark No. 2016-CA-31, 2017-Ohio-7339, ¶ 3. With respect to the guilty-plea reference in the trial court's judgment entries, Fletcher's first assignment of error is sustained. As to the other issues he raises, the assignment of error is overruled.

{¶ 9} In his second assignment of error, Fletcher asserts that the prosecutor and

the trial court together improperly coerced him to plead no contest. Therefore, he argues the plea was involuntary under Crim.R. 11.

{¶ 10} Fletcher's argument stems from his effort to dismiss the firearm specifications from his indictments. Just before the plea hearing began, counsel and the trial court met in chambers to engage in preliminary discussions about a Crim.R. 12 motion to dismiss. Although those discussions are not part of the record, Fletcher apparently requested dismissal of the specifications from his indictments on the basis that the weapon he used in the robberies was a BB gun, not an operable "firearm." The issue was addressed again at the outset of the plea hearing. Based on the discussion that had occurred in chambers, defense counsel expressed his understanding that the trial court believed the existence or non-existence of a firearm was an issue for the jury to resolve at trial. (Tr. at 4.) The trial court responded by stressing several times that it had not reached a final decision regarding the motion, which Fletcher filed contemporaneously with the hearing, and that the informal discussions in chambers were only tentative. (*Id.* at 4-5, 14.) The trial court advised Fletcher that he was free to submit his motion and that it would be decided based on testimony and/or briefing. (*Id.* at 4-5, 14.) The trial court cautioned him, however, that the State's offer of a plea bargain with an agreed sentence was expiring that day. (*Id.* at 4.) The trial court also cautioned Fletcher that if he accepted the plea agreement and entered a no-contest plea, he would not be able to raise the motion to dismiss as an issue on appeal because there would not have been any ruling on the motion. (*Id.* at 5.) The trial court further explained that entering a no-contest plea prior to a ruling on the motion to dismiss the firearm specifications would waive Fletcher's right to a ruling on the motion. (*Id.* at 14.) Fletcher indicated that he understood everything

the trial court had explained and that he wanted to plead no contest. (*Id.* at 5, 14-15.) The trial court then conducted a full Crim.R. 11 plea hearing. Fletcher pled no contest to the charges against him, and the trial court accepted the plea.

{¶ 11} On appeal, Fletcher contends his plea was not voluntary for several reasons. He argues that the weapon involved in his robberies had been recovered and available for testing prior to the plea hearing. He reasons that the State should have had the weapon tested and shown to the victims rather than delivering a plea-offer ultimatum that expired the day of the hearing. Fletcher further argues that he was pressured by the trial court's stating that whether the weapon at issue qualified as a firearm was for the jury to decide. According to Fletcher, the record contained undisputed direct evidence that the weapon he used was a "BB" gun, which did not constitute a firearm. Finally, Fletcher contends the trial court provided misinformation by telling him that a no-contest plea would preclude him from appealing anything related to his motion to dismiss the firearm specifications.

{¶ 12} Fletcher summarizes his argument as follows:

* * * In short, Appellant asserts that the combination of the Court's involvement during the critical plea negotiations and the prosecutor's insistence of a coincidental plea offer deadline, created clear circumstances of coercion resulting in an involuntary plea, in clear violation of the law. The Appellant asserts that such circumstances are most egregious by reason of the fact that he was effectively compelled to plea[d] to an offense which by law he could not be guilty of.

In some [sic], Appellant respectfully contends that the record is clear

that at the subject plea hearing, the Trial Court had before it the undisputed gun involved in the subject offenses, which was clear to all in fact [to] be a "BB" gun. It is also clear that this empirical evidence had been provided to the State weeks before said hearing. Notwithstanding the state of affairs the Trial Court and the State adopted positions which completely ignored these undisputed fact[s] referenced in the record. As a result of said conduct by the Trial Court and the State, Appellant was placed in the position requiring him to render a plea to the three-year firearms specification under a factual scenario which established that he was innocent of the same.

Appellant argues herein that the above outlined conduct of the Trial Court constituted a blending of the judicial and prosecutor roles in the plea negotiation process, which in turn resulted in coercive pressure to accept a prejudged penalty outcome. It is submitted that such process constituted a violation of substantial rights under the Fifth Amendment. Therefore, by reason thereof, it is asserted that Appellant's said no contest plea was involuntary and therefore contrary to law. Under such circumstance, it is herein respectfully requested that this reviewing Court vacate his judgment and plea and remand for further proceedings in accordance therewith.

(Appellant's brief at 21-22.)

{¶ 13} Upon review, we find Fletcher's argument to be unpersuasive for a host of reasons. First, he had no right to a plea bargain. As the State had no obligation to make a plea offer, it was free to set the terms of its offer, including making the offer expire on the day of the hearing. Second, the State was free to examine and show the victims the

weapon Fletcher claims was used in his robberies, but it was not obligated to do so. At trial, the State would have borne the burden of demonstrating the presence of an operable firearm. The State was free to decide how it wanted to satisfy that burden. Third, the record *does not* contain undisputed evidence that the weapon used in Fletcher's offenses was a BB gun. In a May 26, 2020 motion for leave to seek dismissal of the firearm specifications, Fletcher asserted that on or about May 7, 2020 he gave a BB gun to defense counsel, who forwarded it to a detective with the Dayton Police Department. Of course, the fact that Fletcher himself purportedly surrendered a BB gun to police months after the robberies does not prove that he used a BB gun in the robberies. Fourth, the terms of the State's plea offer and its failure to show a BB gun to the victims have nothing to do with the trial court and do nothing to establish that the trial court pressured Fletcher to plead no contest. Fifth, the trial court made clear that it had not decided the issue raised in Fletcher's motion to dismiss the firearm specifications. Contrary to his argument, the trial court did not decide that the existence or non-existence of a true firearm, as opposed to a BB gun, was a matter for the jury to decide rather than an issue to be raised through a motion to dismiss the firearm specifications. The trial court offered to resolve that issue through a hearing or on briefs if Fletcher wanted to pursue the matter rather than entering a no-contest plea. Despite the trial court's offer, Fletcher elected to enter a plea anyway. Sixth, the trial court did not provide misinformation by advising Fletcher that entering a no-contest plea would preclude him from appealing the issue raised in his motion to dismiss. Because the trial court never ruled on the motion, there was nothing in that regard to appeal. Seventh, we see no instance of the trial court improperly inserting itself into plea negotiations. The parties appeared for the plea hearing with the terms of a

negotiated plea agreement already in hand. The trial court simply ensured that Fletcher understood the ramifications of his plea and that a no-contest plea effectively would render moot his unresolved motion to dismiss the firearm specifications. Eighth, Fletcher complains about the trial court "forecasting" that it would impose a "harsh sentence," but the trial court simply acknowledged that it would accept and impose the parties' agreed sentence. Because the trial court later did impose that agreed sentence, we see no grounds for complaint by Fletcher.

{¶ 14} In short, the record reflects that the trial court conducted a full Crim.R. 11 plea hearing and did not in any way coerce Fletcher into pleading no contest or improperly insert itself in the plea-negotiation process. Accordingly, the second assignment of error is overruled.

{¶ 15} In his third assignment of error, Fletcher raises a claim of cumulative error. He contends the errors alleged above, when combined with the State's failure to produce exculpatory evidence in a timely manner, deprived him of his right to a fair trial. The evidence to which Fletcher refers involved the weapon at issue being a BB gun.

{¶ 16} It is true that separately harmless errors can violate a defendant's right to a fair trial when the errors are aggregated. *State v. Madrigal*, 87 Ohio St.3d 378, 397, 721 N.E.2d 52 (2000). To find cumulative error, we first must find multiple errors committed at trial. *Id.* at 398. We then must find a reasonable probability that the outcome below would have been different but for the combination of separately harmless errors. *State v. Thomas*, 2d Dist. Clark No. 2000-CA-43, 2001 WL 1103328, *9 (Sept. 21, 2001).

{¶ 17} Here, Fletcher fails to elaborate on his assertion about the State's non-disclosure of exculpatory evidence establishing that he used a BB gun. As set forth above,

Fletcher acknowledges that he himself turned a BB gun over to his attorney, who gave it to the police. In any event, we have not identified multiple harmless errors committed at trial. Fletcher pled no contest to the indictments against him, so there was no trial. And our appellate review has not uncovered multiple errors, so we have nothing to aggregate. Under these circumstances, the cumulative error Fletcher alleges has not been shown. The third assignment of error is overruled.

{¶ 18} Having sustained a portion of Fletcher's first assignment of error, we remand for the trial court to file nunc pro tunc entries reflecting Fletcher's no-contest pleas. In all other respects, the trial court's judgments are affirmed.

. . . . . . . . . . . .

DONOVAN, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Lisa M. Light
Carlo C. McGinnis
Hon. Mary Katherine Huffman