[Cite as *State v. Lenneman*, 2021-Ohio-2719.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-12-022 |
| | : | O P I N I O N |
| - vs - | | 8/9/2021 |
| | : | |
| CLAYTON L. LENNEMAN, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 2019013320-CS-3909


Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Chaudry Law, LLC, and Adam Chaudry, for appellant.


**S. POWELL, J.**

{¶ 1} Appellant, Clayton L. Lenneman, appeals the decision of the Madison County Court of Common Pleas sentencing him to serve an indefinite sentence of three-to-four-and-one-half years in prison consecutive to his current term of incarceration, a jointly recommended sentence agreed to by Lenneman and appellee, the state of Ohio. For the

reasons outlined below, we affirm.

{¶ 2} On January 30, 2020, Lenneman pled guilty to possession of a deadly weapon while under detention in violation of R.C. 2923.131(A), a second-degree felony. After determining that it had incorrectly sentenced Lenneman at his original sentencing hearing, the trial court held a resentencing hearing and properly sentenced Lenneman to the parties' jointly recommended sentence set forth above; an indefinite sentence of three-to-four-and-one-half years in prison consecutive to Lenneman's current term of incarceration. The trial court's resentencing hearing took place on November 20, 2020.

{¶ 3} Lenneman now appeals the trial court's decision sentencing him to that jointly recommended sentence, raising the following single assignment of error for review.

{¶ 4} THE TRIAL COURT'S SENTENCING OF DEFENDANT-APPELLANT TO A CONSECUTIVE TERM OF IMPRISONMENT VIOLATED OHIO LAW AND THEREBY DENIED DEFENDANT OF HIS DUE PROCESS RIGHTS UNDER OHIO AND FEDERAL CONSTITUTIONAL LAW.

{¶ 5} Lenneman argues the trial court erred by sentencing him to serve an indefinite prison sentence consecutive to his current term of incarceration, which, as noted above, was a jointly recommended sentence agreed to by Lenneman and the state. We disagree.

{¶ 6} This court "does not review the sentencing court's decision for an abuse of discretion." *State v. Scott*, 12th Dist. Clermont Nos. CA2019-07-051 and CA2019 07-052, 2020-Ohio-3230, ¶ 54, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 10. "It is instead the standard of review set forth in R.C. 2953.08(G)(2) that governs all felony sentences." *State v. Watkins*, 12th Dist. Preble No. CA2020-03-005, 2021-Ohio-163, ¶ 48, citing *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6; and *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8 ("[a]s with all felony sentences, we review this sentence under the standard of review set forth in R.C.

2953.08[G][2]"). The standard prescribed by R.C. 2953.08(G)(2) is, in fact, "the only standard applicable to felony sentencing * * *." *State v. Paul*, 12th Dist. Clinton No. CA2020-08-010, 2021-Ohio-1628, ¶ 9, fn.1.

{¶ 7} Pursuant to R.C. 2953.08(G)(2), this court may increase, reduce, "or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing," if this court clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

"R.C. 2953.08(G)(2)(b) therefore does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 39.

{¶ 8} Rather than setting forth any specific argument challenging the trial court's sentencing decision, Lenneman instead requests this court to review the sentence imposed by the trial court to "ensure that the trial court adhered to its statutorily mandated duty to ascertain if the trial court's sentence was clearly and convincingly contrary to law." The sentence imposed by the trial court, however, was a jointly recommended sentence agreed to by Lenneman and the state. Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." That is to say, a jointly recommended sentence is not reviewable under R.C. 2953.08(D)(1) if "'(1) both, the defendant and the state agree to the

sentence, (2) the trial court imposes the agreed sentence, and (3) the sentence is authorized by law.'" *State v. Downing*, 12th Dist. Clermont No. CA2019-05-038, 2019-Ohio-4831, ¶ 7, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16. "'A sentence is "authorized by law" and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.'" *State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 12, quoting *Underwood* at paragraph two of the syllabus.

{¶ 9} After a thorough review of the record, we find the trial court's decision sentencing Lenneman to serve an indefinite prison sentence consecutive to his current term of incarceration was "authorized by law" in that it comports with all mandatory sentencing provisions. This includes R.C. 2929.14(C)(2), which provides that:

> if an offender who is under detention at a detention facility commits a felony violation of section 2923.131 of the Revised Code, * * * any prison term imposed upon the offender * * * shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender.

*See, e.g., State v. Burke*, 11th Dist. Trumbull Nos. CA2018-T-0032 and 2018-T-0035, 2019-Ohio-1951, ¶ 146 ("[appellant] challenges the consecutive nature of the sentence. However, the trial court was required, as a matter of law, to order any sentence imposed for this charge, a felony violation of R.C. 2923.131, to run consecutively to the sentence imposed in case No. 2017 CR 403").

{¶ 10} Therefore, because (1) both Lenneman and the state agreed to the jointly recommended sentence, (2) the trial court imposed the jointly recommended sentence, and (3) the jointly recommended sentence was authorized by law, the trial court's decision to sentence Lenneman to the agreed upon sentence consecutive to his current term of incarceration is not reviewable under R.C. 2953.08(D)(1). Accordingly, because the trial

court's sentencing decision is not reviewable by this court under R.C. 2953.08(D)(1), Lenneman's single assignment of error is overruled.

{¶ 11} Judgment affirmed.

PIPER, P.J., and M. POWELL, J., concur.