[Cite as *State v. Frazier*, 2024-Ohio-2114.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

STATE OF OHIO,                          :

    Appellee,                         :          CASE NO. CA2023-11-097

                                      :          O P I N I O N
- vs -                                             6/3/2024

                                      :

DAMON CHRISTOPHER FRAZIER,               :

    Appellant.                        :


CRIMINAL APPEAL FROM  WARREN COUNTY COURT OF COMMON PLEAS
Case No. 23CR40190


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Christopher Bazeley, for appellant.


**S. POWELL, P.J.**

{¶ 1}   Appellant, Damon Christopher Frazier, appeals his conviction in the Warren County Court of Common Pleas after he entered an *Alford* plea to one count of first-degree felony aggravated robbery with an attached three-year firearm specification.[1]  For

---

1. An *Alford* plea is a qualified guilty plea in which a defendant voluntarily, knowingly, and understandingly pleads guilty to a charge while maintaining his or her innocence in accordance with the United States Supreme Court's decision in *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160 (1970).

the reasons outlined below, we affirm Frazier's conviction.

**{¶ 2}** On January 30, 2023, the Warren County Grand Jury returned an indictment charging Frazier with one count aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree felony pursuant to R.C. 2911.01(C), and one count of robbery in violation of R.C. 2911.02(A)(2), a second-degree felony under R.C. 2911.02(B). Both charges also included a three-year firearm specification in accordance with R.C. 2941.145(A) and a repeat violent offender specification pursuant to R.C. 2941.149(A). The charges arose after it was alleged Frazier used a firearm to rob a Family Dollar store located in Morrow, Warren County, Ohio on August 13, 2022.

**{¶ 3}** On October 18, 2023, the trial court held a change of plea hearing where Frazier entered into a plea agreement with the state. The plea agreement required Frazier to plead guilty to the one count of first-degree felony aggravated robbery, with its attached three-year firearm specification, in exchange for the state dismissing the repeat violent offender specification attached to that charge, as well as the charge of second-degree felony robbery and its two attached specifications. The plea agreement also included a jointly recommended sentence. Explaining the terms of that jointly recommended sentence, the state advised the trial court as follows:

> We have a joint and recommended sentence of a total of seven to nine years in the Department of Corrections under Reagan Tokes. That is to be served consecutive to the term that he is currently serving [in] Hamilton County. The State is agreeing that he will be receiving one hundred and ninety days in jail-time credit.

**{¶ 4}** Upon being so advised, the trial court addressed Frazier and provided him with the necessary Crim.R. 11(C) plea colloquy. This included the trial court advising Frazier that, pursuant to the jointly recommended sentence set forth above, he would be sentenced to seven to nine years in prison upon him entering a guilty plea to the one

count of first-degree felony aggravated robbery with its attached three-year firearm specification. Following the trial court's plea colloquy, the trial court then asked Frazier, "You're going to admit that you did it and we're going to get onto this seven to nine year sentence, is that what you want to do?" To this, Frazier stated, "Yes, sir." The state then provided the trial court with the following recitation of facts:

> On or about the 13th day of August, 2022, in Warren County, Ohio, Damon Frazier, in attempting or committing a theft offense, or immediately thereafter the offense, did have a deadly weapon on or about his person or under his control and displayed the weapon, brandished it, indicate[d] he possessed it or used it, to facilitate the offense. The firearm specification attached to [that offense], Damon Frazier did have on or about his person a firearm while committing the offense * * * and displayed the firearm, brandished, indicated he possessed it or used it to facilitate the offense.

{¶ 5} Following the state's recitation of facts, the trial court asked Frazier if he heard the facts as alleged by the state. To this, Frazier asked if rather than pleading guilty he could instead enter a plea of no contest. The trial court responded to Frazier stating:

> I don't think that you can enter a plea of no contest, because that's not part of the deal, but there's also something called an Alford plea. And, Alford plea means that you're going to enter a plea of guilty to the charge, but you don't have to admit that any of the facts are true. So, it's based on a case called United States versus Alford. It tells me that the Supreme Court says you have the right to plead guilty to this charge whether you did it or not. It only requires one additional finding and that is if you enter a plea of guilty under Alford, I just have to ask [the prosecutor] what her case would've looked like when it went to trial in a couple weeks, and make a finding that there is substantial evidence of guilt.

{¶ 6} The trial court then asked Frazier if he understood what the trial court had explained to him, to which Frazier stated, "Um-hum." The record indicates that Frazier then had an off-the-record conversation with his trial counsel about him entering an *Alford* plea rather than a plea of guilty. Following this off-the-record conversation, Frazier's trial

- 3 -

counsel advised the trial court, "Your Honor, I believe my client is inclined to enter an Alford plea on this case." Upon being so advised, the trial court then turned to Frazier and asked, "Okay. Is that what you want to do, Mr. Frazier?" Frazier responded, "Yes, sir." The trial court then asked Frazier, "All right, what's your plea?" Frazier stated, "Alford plea." The trial court then stated, "All right. That means that you're going to plead guilty, you still have to say guilty." To this, Frazier stated, "Yeah, guilty."

{¶ 7} After Frazier entered his *Alford* plea, the trial court then turned to the prosecutor and asked, "what would our trial have looked like?" The prosecutor responded to the trial court by stating:

> Your Honor, at trial, the State would have shown that on this date on August 13, 2022, this incident occurred at the Family Dollar Store in the Village of Morrow, Warren County, Ohio. On that date, the defendant entered the store dressed in a yellow reflection. Construction vest, a black shirt with a * * * bandana partially covering his face, sunglasses a[s] well as a yellow construction hat. He entered the store, walked around the store for a few minutes, picked up an ice cream. Went to the counter, confronted the clerk who was working on that day, by herself in the store. He displayed a firearm to her that he had tucked into the front of his waistband, lifted his shirt and said he had a possession or was in possession of a firearm. She saw that.

{¶ 8} Continuing, the prosecutor then stated:

> He told her to get the money out of the register, put it in a paper bag. She did that. The defendant was in the store, approximately about three minutes, during which several customers when in front of him who were actually able to identify his clothing at a later time. Ultimately, the clerk did hand it back to him. He left the store. Cellphone records would've been introduced at trial showing that the cellphone that was recovered in a latter search warrant that was conducted by Cincinnati, was pinging in the area of the Family Dollar Store during the time of the robbery. Based on some additional evidence and a robbery that occurred in Hamilton County, under similar circumstances, Cincinnati Police Department executed a search warrant at the defendant's residence. They did find that cellphone in his residence, along with the * * * bandana, along with the construction vest, and

- 4 -

the construction hat that were used during the robbery. Defendant was later arrested based upon all that information.

{¶ 9} Once the state concluded, the trial court noted that it would be accepting the *Alford* plea that Frazier had previously made upon finding Frazier's plea was knowingly, intelligently, and voluntarily entered. The trial court also noted that it had found "substantial evidence" to establish Frazier's guilt, "so I am going to find you guilty of these offenses." The trial court then sentenced Frazier to the jointly recommended seven-to-nine-year prison sentence set forth above. As agreed by the parties, this included the trial court ordering Frazier's sentence be served consecutively to the time he was then serving in Hamilton County. This also included the trial court awarding Frazier with the agreed upon 190 days of jail-time credit.

{¶ 10} On November 6, 2023, Frazier filed a timely notice of appeal. Following briefing, Frazier's appeal was submitted to this court's consideration on April 10, 2024. Frazier's appeal now properly before this court for decision, Frazier has raised three assignments of error for review. For ease of discussion, we will address Frazier's first and second assignments of error together.

{¶ 11} Assignment of Error No. 1:

{¶ 12} THE TRIAL COURT ERRED WHEN IT IMPOSED A CONSECUTIVE SENTENCE WITHOUT CONSIDERING ALL OF THE R.C. 2929.14 FACTORS.

{¶ 13} Assignment of Error No. 2:

{¶ 14} THE TRIAL COURT FAILED TO PROPERLY CALCULATE FRAZIER'S JAIL TIME CREDIT.

{¶ 15} In his first assignment of error, Frazier argues the trial court erred in its decision ordering his sentence in this case consecutive to his current term of incarceration. In his second assignment of error, Frazier argues the trial court erred by

- 5 -

awarding him 190 days of jail-time credit rather than 217 days of jail-time credit. However, because the sentence imposed by the trial court was a jointly recommended sentence agreed to by both Frazier and the state, which, as noted above, also included the amount jail-time credit that Frazier was entitled to receive, neither Frazier's first nor Frazier's second assignments of error are subject to review by this court in accordance with R.C. 2953.08(D)(1).

{¶ 16} Pursuant to R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In other words, this court cannot review a jointly recommended sentence under R.C. 2953.08(D)(1) when the defendant and the state both agree to the sentence, the trial court imposes the agreed sentence, and the sentence is authorized by law. *State v. Lenneman*, 12th Dist. Madison No. 2020-12-022, 2021-Ohio-2719, ¶ 8. "'A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions.'" *State v. Wardlow*, 12th Dist. Butler No. CA2014-01-011, 2014-Ohio-5740, ¶ 12, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, paragraph two of the syllabus.

{¶ 17} These mandatory sentencing provisions include "the allied offenses statute found under R.C. 2941.25(A), as well as the consecutive sentence statute set forth in R.C. 2929.14(C)(4)." *State v. Likens*, 12th Dist. Madison Nos. CA2020-10-018 and CA2020-11-019, 2021-Ohio-2380, ¶ 10, citing *State v. Welsh*, 12th Dist. Butler No. CA2018-11-219, 2019-Ohio-4128, ¶ 8 ("[o]ne such mandatory sentencing provision is R.C. 2941.25[A], the allied offense statute"); and *Wardlow* at ¶ 13 ("[t]he only mandatory sentencing provision that is challenged in the instant case is R.C. 2929.14[C]"). This also includes R.C. 2929.14(A) and (B) setting forth the basic prison terms for felony offenses

like first-degree felony aggravated robbery in violation of R.C. 2911.01(A)(1) and firearm specifications of the type described in R.C. 2941.145. *See State v. Robinson*, 12th Dist. Fayette No. CA2009-02-004, 2009-Ohio-4937, ¶ 19 ("[a] sentence is 'authorized by law' for purposes of R.C. 2953.08(D)(1) when the prison term imposed is not greater than the maximum term prescribed by statute for the offense"). "If the conditions under R.C. 2953.08(D)(1) are established, an appellate court lacks jurisdiction to hear the appeal." *State v. Harrop*, 12th Dist. Fayette Nos. CA2022-12-016 and CA2022-12-017, 2024-Ohio-507, ¶ 32, citing *State v. Noling*, 136 Ohio St.3d 163, 2013-Ohio-1764, ¶ 22.

**{¶ 18}** After a thorough review of the record, we find the jointly recommended sentence the trial court imposed upon Frazier in this case, including the amount of jail-time credit that Frazier was entitled to receive, was authorized by law as it comports with all mandatory sentencing provisions. This includes both the consecutive sentence statute set forth in R.C. 2929.14(C)(4) and the allied offenses statute found under R.C. 2941.25(A). This is in addition to R.C. 2929.14(A) and (B) setting forth the basic prison terms for felony offenses and firearm specifications of the type described in R.C. 2941.145.

**{¶ 19}** In so holding, we note that the issue raised by Frazier concerning consecutive sentencing findings in a jointly recommended sentence has already been rejected by the Ohio Supreme Court. *See State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 29 (holding that where a jointly recommended sentence is accepted by the trial court, the court is not required to make the R.C. 2929.14[C][4] findings). Therefore, because (1) both Frazier and the state agreed to the jointly recommended sentence, including the amount of jail-time credit Frazier was entitled to receive, (2) the trial court imposed the jointly recommended sentence agreed to by the parties, and (3) the jointly recommended sentence was authorized by law, the trial court's decision to sentence

Frazier in accordance with the terms of that jointly recommended sentence is not reviewable by this court in accordance with R.C. 2953.08(D)(1). Accordingly, Frazier's first and second assignments of error are overruled.

{¶ 20} Assignment of Error No. 3:

{¶ 21} THE TRIAL COURT FAILED TO ENSURE THAT FRAZIER'S GUILTY PLEA WAS KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY GIVEN PURSUANT TO NORTH CAROLINA V. ALFORD.

{¶ 22} In his third assignment of error, Frazier argues his *Alford* plea was not knowingly, intelligently, and voluntarily entered because the trial court never inquired into the reason why he was entering such a plea. We disagree.

{¶ 23} "[W]here a defendant enters an *Alford* plea, '[t]he trial judge must ascertain that notwithstanding the defendant's protestations of innocence, he has made a rational calculation that it is in his best interest to accept the plea bargain offered by the prosecutor.'" *State v. Hopings*, 6th Dist. Lucas No. L-18-1038, 2019-Ohio-1486, ¶ 8, quoting *State v. Padgett*, 67 Ohio App.3d 332, 338 (2d Dist.1990). However, although it may be a matter of best practice for a trial court to do so, "in accepting an *Alford* plea, a trial court is not required to directly inquire of the defendant to determine whether he has made a rational calculation to plead guilty." *State v. Satterwhite*, 12th Dist. Warren No. CA2020-09-063, 2021-Ohio-2878, ¶ 19, citing *State v. Lacumsky*, 6th Dist. Ottawa No. OT-08-060, 2009-Ohio-3214, ¶ 9. There is also no "affirmative duty on a trial court to question the defendant concerning the [defendant's] motivation" to accept the state's plea offer and enter an *Alford* plea. *Id.* at ¶ 30. This is because, "[i]n the absence of such an inquiry, there may be sufficient information before the trial court to determine that the defendant's decision to plead guilty notwithstanding an assertion of innocence was a rational decision." *Id.* at ¶ 19.

**{¶ 24}** Rather than requiring the trial court to explicitly ask the defendant directly to determine whether the defendant has made a rational calculation to plead guilty, in the context of a defendant's decision to enter an *Alford* plea, "the standard for determining the plea's validity is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Satterwhite*, 2021-Ohio-2878 at ¶ 20, quoting *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160 (1970). This standard is met, thereby establishing the defendant's *Alford* plea was knowingly, intelligently, and voluntarily made, where the record affirmatively discloses that:

> (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*Id.*, quoting *State v. Piacella*, 27 Ohio St.2d 92 (1971), paragraph one of the syllabus. When determining whether a defendant's decision to enter an *Alford* plea was knowingly, intelligently, and voluntarily made, the trial court "must look at all the particular facts and circumstances surrounding the case * * *." *Id.*, citing *State v. Carter*, 60 Ohio St.2d 34, 38 (1979).

**{¶ 25}** In addition to the record affirmatively disclosing that the defendant's decision to enter an *Alford* plea was a voluntary and intelligent choice among the alternative courses of action open to the defendant, the record must also contain a "factual basis" to support the defendant's decision to enter such a plea. *See State v. Obhof*, 11th Dist. Ashtabula No. 2021-A-0021, 2023-Ohio-408, ¶ 42 ("an *Alford* plea requires a factual basis for the charges be provided to ensure that the defendant has made a rational calculation, based on the strength of the State's case, between the risk

of trial and the consequences of pleading guilty"). This is because "[a]n *Alford* plea cannot be accepted when the record fails to include facts upon which the trial court can resolve the conflict between the defendant's claim of innocence and her desire to plead guilty to the charges." *State v. Kerns*, 7th Dist. Jefferson No. 20 JE 0016, 2023-Ohio-517, ¶ 46. "Without resolution of this conflict, the trial judge cannot make a decision regarding the reasonableness of the defendant's actions to plead guilty despite declarations of innocence because a sufficient factual basis does not exist." *State v. Pate*, 3d Dist. Hancock No. 5-96-12, 1996 Ohio App. LEXIS 5535, *7-*8 (Nov. 19, 1996).

{¶ 26} In this case, and as set forth more fully above, the record contains a factual basis to support Frazier's decision to enter an *Alford* plea. The record also firmly establishes that Frazier's decision to enter such a plea was a knowingly, intelligently, and voluntarily made given the other alternative courses of action that were available to him. The record further discloses that Frazier's decision to enter an *Alford* plea was not the result of coercion, deception, or intimidation, that Frazier's trial counsel was present at the time Frazier entered his *Alford* plea, and that Frazier's trial counsel's recommendation for Frazier to enter an *Alford* plea was competent when considering the circumstances surrounding the indictment and the anticipated evidence that the state would introduce against him at trial. This is in addition to the record affirmatively disclosing that Frazier entered his *Alford* plea with the understanding of the charges levied against him. This includes the maximum penalty involved.

{¶ 27} What is more, in addition to the four factors set forth above, the record also affirmatively discloses that, given the overwhelming evidence against him, Frazier was motivated to enter an *Alford* plea either by a desire to seek a lesser penalty and/or a fear of the consequences should he take the matter to trial. This evidence includes several eyewitnesses who identified Frazier as the perpetrator, as well as the evidence directly

linking Frazier to the robbery that was discovered in his apartment. Therefore, given the record in this case, we find no merit to Frazier's argument that his *Alford* plea was not knowingly, intelligently, and voluntarily entered simply because the trial court never inquired into the reason why Frazier was entering such a plea. The record instead fully supports the trial court's decision finding Frazier made a rational calculation that it was in his best interest to accept the state's plea deal notwithstanding his late protestation of innocence at his change of plea hearing. Accordingly, finding no merit to Frazier's argument raised herein, Frazier's third assignment of error likewise lacks merit and is overruled.

{¶ 28} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.