[Cite as *State v. Smith*, 2025-Ohio-3113.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-01-008 |
| | : | OPINION AND JUDGMENT ENTRY 9/2/2025 |
| - vs - | : | |
| | : | |
| MARTEL JAYCI PATE SMITH, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 24CR41386

David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Timothy J. McKenna, for appellant.

## **O P I N I O N**

**PIPER, P.J.**

{¶ 1}   Appellant, Martel Jayci Pate Smith, appeals his conviction in the Warren County Court of Common Pleas following his guilty plea to five counts of second-degree felony trafficking in drugs and two counts of third-degree felony trafficking in drugs for which the trial court sentenced him to serve a jointly recommended and agreed upon sentence of five to seven-and-one-half years in prison. For the reasons outlined below,

we affirm Smith's conviction.

**Facts and Procedural History**

{¶ 2}   On February 12, 2024, the Warren County Grand Jury returned a 14-count indictment charging Smith with seven counts of either first, second, or third-degree felony trafficking in drugs, six counts of fifth-degree felony possession of criminal tools, and one count of first-degree felony possession of drugs. Smith was subsequently arraigned and entered a not guilty plea to all 14 charges.

{¶ 3}   On January 8, 2025, Smith entered into a plea agreement with the State. This plea agreement required Smith to plead guilty to five counts of second-degree felony trafficking in drugs and two counts of third-degree felony trafficking in drugs, with a jointly recommended and agreed upon sentence of five to seven-and-one half years in prison. In exchange for Smith's guilty plea, the State agreed to dismiss the other seven charges. Following the necessary plea colloquy, the trial court accepted Smith's guilty plea and, on January 15, 2025, sentenced Smith to the jointly recommended and agreed upon five to seven-and-one-half years in prison.

{¶ 4}   On January 23, 2025, Smith filed a notice of appeal. Following briefing, on July 16, 2025, Smith's appeal was submitted to this court for consideration. Smith's appeal now properly before this court for decision, Smith has raised two assignments of error for review.

**Assignment of Error No. 1:**

{¶ 5}   THE RECORD DOES NOT SUPPORT THE SENTENCE IMPOSED BY THE COURT.

{¶ 6}   In his first assignment of error, Smith argues the trial court erred by sentencing him to the jointly recommended and agreed upon sentence of five to seven-and-one-half years in prison. To support this claim, Smith argues that rather than that

jointly recommended sentence, the record supports the trial court sentencing him to the "minimum time, concurrent" sentence of two to three years in prison. This is because, according to Smith, he provided "extensive allocation of mitigation that warranted the imposition of an even lower sentence than recommended," which included his attending both high school and college, his rather difficult childhood, and his lack of any prior criminal record. Therefore, because the charges for which he pled guilty "were not the worst form of the offense, in the sense that all of the buys were done by undercover officers, and thus the drugs did not 'hit the streets' and someone used them," Smith argues that this matter should be reversed so that he could be resentenced to the "minimum term," with all counts running concurrently.

{¶ 7} However, because the sentence imposed by the trial court in this case was a jointly recommended and agreed upon sentence that was authorized by law, Smith's first assignment of error is not subject to review by this court in accordance with R.C. 2953.08(D)(1). Pursuant to that statute, "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Therefore, because "this court cannot review a jointly recommended sentence under R.C. 2953.08(D)(1) when the defendant and the state both agree to the sentence, the trial court imposes the agreed sentence, and the sentence is authorized by law," *State v. Frazier*, 2024-Ohio-2114, ¶ 16 (12th Dist.), the trial court's decision to sentence Smith to the jointly recommended and agreed upon sentence of five to seven-and-one-half years in prison is not reviewable by this court pursuant to R.C. 2953.08(D)(1). Accordingly, Smith's first assignment of error is overruled.

**Assignment of Error No. 2:**

{¶ 8} THE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL

- 3 -

COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE 1, OF THE OHIO CONSTITUTION AND THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶ 9} In his second assignment of error, Smith argues he received ineffective assistance of counsel when his trial counsel "failed to further negotiate with the state for a lower sentence." We disagree.

{¶ 10} "The standard by which we review claims of ineffective assistance of counsel is well established." *State v. Carter*, 1995-Ohio-104, ¶ 41. "To establish ineffective assistance, a defendant must show (1) that counsel's performance was deficient, and (2) that counsel's deficient performance prejudiced the defendant." *State v. Kyles*, 2024-Ohio-998, ¶ 30 (12th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). "Courts determine deficient performance by asking whether counsel's conduct 'fell below an objective standard of reasonableness.'" *State v. Smith*, 2024-Ohio-5752, ¶ 7 (12th Dist.), quoting *Strickland* at 688. On the other hand, to establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694. "A defendant's failure to make a sufficient showing of either prong of the *Strickland* inquiry is fatal to his claim of ineffective assistance." *State v. Lloyd*, 2022-Ohio-4259, ¶ 31.

{¶ 11} As noted above, Smith argues he received ineffective assistance of counsel when his trial counsel "failed to further negotiate with the state for a lower sentence." Smith, however, had no right to receive a plea offer from the State. *See State v. Fletcher*, 2021-Ohio-1515, ¶ 13 (2d Dist.). The State also had no obligation to make a plea offer to Smith. *Id.* Nevertheless, as the record indicates, Smith's trial counsel was able to successfully negotiate with the State for a plea offer that significantly decreased Smith's exposure had he decided to take the matter to trial. This ultimately resulted in Smith's trial

counsel obtaining for Smith the State's best and final plea offer, an offer that allowed Smith to plead guilty to five counts of second-degree felony trafficking in drugs and two counts of third-degree felony trafficking in drugs, with a jointly recommended sentence of five to seven-and-one half years in prison, in exchange for the State dismissing the other seven charges levied against him.

{¶ 12} The fact that Smith may have wanted his trial counsel to further negotiate with the State for an even lesser sentence does not mean the State was required to engage in such negotiations. This is because, as noted above, it is the State, not the defendant, who makes the plea offer. This includes the State deciding whether to include a recommended sentence as part of its plea offer. It is the defendant who then chooses whether to accept the State's plea offer or take the matter to trial. Therefore, because the record indicates that Smith's trial counsel successfully negotiated with the State to obtain for Smith the State's best and final plea offer, Smith has failed to establish that he received ineffective assistance of counsel when his trial counsel "failed to further negotiate with the state for a lower sentence." Accordingly, Smith's second assignment of error is also overruled.

## Conclusion

{¶ 13} For the reasons outlined above, and having now overruled Smith's two assignments of error, Smith's appeal from his conviction following his guilty plea to five counts of second-degree felony trafficking in drugs and two counts of third-degree felony trafficking in drugs for which the trial court sentenced him to serve a jointly recommended and agreed upon sentence of five to seven-and-one-half years in prison is denied.

{¶ 14} Judgment affirmed.

M. POWELL and SIEBERT, JJ., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Warren County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

/s/ Robin N. Piper, Presiding Judge

/s/ Mike Powell, Judge

/s/ Melena S. Siebert, Judge